1  RICHARD T. WHITE #58622
   MARK A. DELGADO #215618
2  FITZGERALD ABBOTT & BEARDSLEY LLP
   1221 Broadway, 21st Floor
3  Oakland, California 94612
   Telephone: (510) 451-3300
4  Facsimile: (510) 451-1527
   Email: rwhite@fablaw.com
5         mdelgado@fablaw.com

6  Attorneys for Defendants
   SAUNDRA COSTICK
7  (erroneously sued as SANDY COSTICK)
   and JOHN COSTICK

8

9                     UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| TEG STAFFING, INC., a California Corporation, dba PLATINUM LEGAL<br><br>Plaintiff,<br><br>vs.<br><br>D. ALEXANDER PLATT, an individual, SANDY COSTICK, an individual, and JOHN COSTICK, an individual; and DOES 1-25<br><br>Defendant | Case No.: 08-cv-3073-JSW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS SAUNDRA COSTICK AND JOHN COSTICK TO DISMISS COMPLAINT BASED ON LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**<br><br>Date:  August 29, 2008<br>Time:  9:00 a.m.<br>Dept.:  Courtroom 2, 17th Floor<br>Before: Honorable Jeffrey S. White |

**I.     INTRODUCTION**

Plaintiff TEG Staffing, Inc ("Plaintiff" or "TEG") has filed this frivolous lawsuit against Defendants Saundra Costick (erroneously sued herein as Sandy Costick) and John Costick (collectively referred to herein as the "Costicks") and have unfairly and unreasonably haled the Costicks—both of whom are New Mexico residents—into this Court in a blatant effort to threaten and intimidate them and their daughter, Defendant Alexander Platt ("Platt"). As is woefully apparent by the paucity of allegations against them, the Costicks have no involvement whatsoever in the factual underpinnings of this case.

More importantly for purposes of this motion, as discussed more fully below, the Costicks have virtually no ties to California and therefore are not personally subject to this

1

1  Court's jurisdiction. Furthermore, because none of the omissions or events giving rise to the
2  claim against the Costicks occurred in Northern California, venue in this District is improper.
3  Accordingly, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), this Court
4  should grant the Costicks' motion to dismiss this action.

5  **II.    STATEMENT OF RELEVANT FACTS**

6     **A.    The Costicks**

7  Both Mr. and Mrs. Costick currently reside at 34 Tetilla Road in Santa Fe, New Mexico,
8  87508, where they have lived for approximately the past twelve and a half years. (See
9  Declaration of John Costick in Support of Motion of Defendants Saundra Costick and John
10 Costick to Dismiss Complaint for Lack of Personal Jurisdiction and Improper Venue ["John
11 Costick Decl."] at ¶2; See also Declaration of Saundra Costick in Support of Motion of
12 Defendants Saundra Costick and John Costick to Dismiss Complaint for Lack of Personal
13 Jurisdiction and Improper Venue ["Saundra Costick Decl."] at ¶2.) Mr. Costick works in New
14 Mexico as a financial planner, and he has done so since the Costicks moved to New Mexico in
15 1995, the same year Mrs. Costick retired. (John Costick Decl. ¶3; Saundra Costick Decl. ¶3.)
16 Both Mr. and Mrs. Costick have a New Mexico driver's license, and they are both registered to
17 vote in New Mexico. (John Costick Decl. ¶4; Saundra Costick Decl. ¶4.)

18 Mr. and Mrs. Costick have virtually no ties to the State of California. (John Costick
19 Decl. ¶5; Saundra Costick Decl. ¶5.) They do not conduct any business in California. (Id.)
20 Neither has a California driver's license. (Id.) They are not registered to vote in California.
21 (Id.) They do not receive any kind of social services from the State of California. (Id.) Except
22 for Ms. Platt, who has done some work in California, the Costicks have no other friends or
23 family in California. (Id.)

24 In the past ten years, the Costicks have traveled to California a combined total of three
25 times. (John Costick Decl. ¶6; Saundra Costick Decl. ¶6.) Mr. Costick last visited California in
26 2001, when his employer sent him to a conference in Marina Del Rey for two days. (John
27 Costick Decl. ¶6.) Mrs. Costick has only visited California twice in the past ten years. (Saundra
28 Costick Decl. ¶6.) The reason for both of her trips (which lasted about three days) was to visit

Ms. Platt who was in California at the time. (Id.) Mrs. Costick's most recent trip to California was in December 2007, when she came to visit Ms. Platt. (Id.)

### B. Plaintiff's Allegations Concerning Jurisdiction and Venue

The Complaint is completely devoid of any allegations that would support a finding of specific or general personal jurisdiction over the Costicks in the Northern District of California.

Plaintiff's allegations of proper venue with respect to the Costicks are merely conclusory:

> Venue is proper in United States District Court, Northern District of California as to DEFENDANTS SANDY COSTICK and JOHN COSTICK, as a substantial part of the events or omissions giving rise to the claim occurred in this District. (28 U.S.C. Section 1391(b)(2).)

(Compl. ¶12.)

The only other factual allegation in the Complaint that involves the Costicks contends that Ms. Platt sent allegedly misappropriated funds to her "personal address in New Mexico care of either DEFENDANT SANDY [sic] COSTICK and/or JOHN COSTICK." (Compl. ¶ 22.a.) In other words, <u>the only alleged connection that Mr. and Mrs. Costick have to this lawsuit is that their daughter's mail was sent to their home</u>.

### III. <u>LEGAL ARGUMENT</u>

#### A. The Complaint Against the Costicks Should Be Dismissed for Lack of Personal Jurisdiction.

Federal Rules of Civil Procedure Rule 12(b)(2) governs dismissal for lack of personal jurisdiction. In order to exercise personal jurisdiction over a nonresident defendant in a case presenting a federal question, the district court must first determine that "a rule or statute potentially confers jurisdiction over the defendant and then conclude that asserting jurisdiction does not offend the principles of Fifth Amendment due process." <u>Go-Video, Inc. v. Akai Electric Co., Ltd.</u>, 885 F.2d 1406, 1413 (9th Cir. 1989).

It is the plaintiff's burden to establish the Court's personal jurisdiction over a defendant. <u>Cubbage v. Merchent</u>, 744 F.2d 665, 667 (9th Cir. 1984). The Court may consider evidence presented in affidavits to assist it in its determination. <u>Data Disc, Inc. v. Systems Technology</u>

Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977).  Moreover, the mere allegations of a complaint when contradicted by affidavits are not enough to confer personal jurisdiction over a nonresident defendant.  Chemlab Products, Inc. v. Stepanek, 554 F.2d 371, 372 (9th Cir. 1977). Rather a plaintiff must make a prima facie showing of jurisdictional facts to withstand a motion to dismiss.  Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995).

### 1. Plaintiff Has Not Met Its Burden to Show the Court Has Personal General Jurisdiction Over the Costicks.

Again, Plaintiff bears the burden of establishing a prima facie showing of general or specific jurisdiction over each and every defendant it has sued.  Calder v. Jones, 465 U.S. 783, 790 (1984). "Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long arm-statute permits the assertion of jurisdiction without violating federal due process."  Schwarzenegger v. Fred Martin Motor Company, 374 F.3d 797, 800-801 (9th Cir. 2004).  Because California's long arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. Id. at 801.

Due process precludes a court from asserting general jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state.  The overriding constitutional principle is that maintenance of an action in the forum must not offend "traditional conception[s] of fair play and substantial justice."  International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945).  The defendant's "conduct and connection with the forum State" must be such that the defendant "should reasonably anticipate being haled into court there."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  "In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation.'"  Calder, 465 U.S. at 788 (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977).

As the Ninth Circuit explained in Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000), this is a "fairly high" standard which "requires that the defendant's contacts be of the sort that approximate physical presence in the state."  Here, Mr. and Mrs. Costick live in Santa Fe, New Mexico, and have done so for the past twelve and a half

years. Mr. Costick works in New Mexico, while Mrs. Costick is retired. They both have a New Mexico driver's license and are both registered to vote in New Mexico.

More importantly, the Costicks have virtually no ties to California. In fact, their only connection to California is their daughter Ms. Platt, who has done some work in California. They do not conduct any business in California. Neither has a California driver's license; nor are they registered to vote in California. They do not receive any kind of social services from the State of California. And, as discussed above, over the past ten years, they have together spent fewer than ten days visiting California over the course of three visits.

These contacts fall well short of the "continuous and systematic" contacts that the Supreme Court and this District Court have held to constitute sufficient "presence" to warrant general jurisdiction. See LeDuc v. Kentucky Cent. Life Ins. Co., 814 F.Supp. 820, 825, 826 (N.D.Cal. 1992) (finding no personal jurisdiction over individual defendants who made "occasional" trips to California for business); Kulko v. Sup.Ct. (1978) 436 U.S. 84 (personal jurisdiction was improper over defendant who married in California and who spent time in California military base many years before suit was filed); Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1330-1331 (9th Cir. 1984) (defendant was not subject to general jurisdiction despite having solicited a distribution agreement in Arizona, visited Arizona several times, entered into purchase agreements that contained an Arizona choice of law and forum selection provision, purchased parts from an Arizona business, sent several letters and telexes to Arizona, and made several telephone calls to persons in Arizona); Ibrahim v. Department of Homeland Security, 2006 WL 2374645 *9 (N.D. Cal. 2006) ("[Defendant's] contacts in no way 'approximate physical presence' [although…defendant] once lived in California, he left California thirteen years before the incidents involving plaintiff …[and] occasional business trips to California after moving away were systematic-sporadic business visits are insufficient.") Plaintiff has therefore failed to establish a prima facie case of general personal jurisdiction.

        **2.**     **Plaintiff Has Not Met Its Burden to Show the Court Has Specific Jurisdiction Over the Costicks.**

Equally untenable is any claim by Plaintiff that this Court has specific personal

jurisdiction over the Costicks.  Specific jurisdiction over a defendant exists where: (1) the defendant has purposefully directed his or her activities at residents of the forum state or the forum state itself; (2) the plaintiff's claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair.  Schwarzenegger, 374 F.3d at 802; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985).  "The plaintiff bears the burden of satisfying the first two prongs of the test.  If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state."  Schwarzenegger, 374 F.3d at 802.

Here, Plaintiff has not even alleged—and indeed cannot allege—that the Costicks purposefully directed any activities at California or at its residents.  Even if Plaintiff could make such a showing—which it clearly cannot—Plaintiff cannot prove that its claims against the Costicks arise out of or relate to activities directed at California.  Indeed, the only allegation that involves the Costicks—the claim that Ms. Platt sent mail to the Costicks in New Mexico—concerns conduct directed away from California.  Clearly, Plaintiff cannot satisfy its burden of proving that specific jurisdiction over the Costicks is appropriate.  Because the Court cannot exercise either general or specific personal jurisdiction over the Costicks, they should be dismissed as defendants in this matter.

**B.    The Court Should Grant the Costicks' Motion to Dismiss for Improper Venue.**

Plaintiffs allege that venue in this action is proper under 28 USC section 1391(b)(2) in that "a substantial part of the events or omissions giving rise to the claim occurred in this District." (Compl. ¶ 11.)  Section 1391(b) provides that, unless otherwise provided by law, a civil action not founded solely on diversity may be brought "only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, and (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred,... or (3) a judicial district in which any defendant may be found if there is no district in which the action may otherwise be brought."

Plaintiffs rely on Subsection 2 in an attempt to ensnare the Costicks by claiming that events giving rise to the claim occurred in the Northern District of California.  In assessing

1  actions for purposes of venue, it is only the "acts and omissions that have a close nexus to the
2  wrong" or which "give rise" to the claim that are to be considered.  <u>Jenkins Print Company v.</u>
3  <u>Brimmer</u>, 321 F.3d 1366, 1371-1372 (1st Cir. 2003).  Here, there are no allegations of events
4  undertaken or caused by the Costicks in this District related or giving rise to Plaintiffs' claim
5  against the Costicks.  There is clearly no venue under Section 1391(b).  <u>Damiani v. Adams</u>, 657
6  F.Supp. 1409, 1416 (1987) (in RICO action alleging, among other things, mail fraud, venue in
7  Southern District of California was improper where "defendants do not reside, may not be
8  found, do not have an agent, and do not transact their affairs in…California").

## IV.  **<u>CONCLUSION</u>**

For the foregoing reasons the Court should grant the Costicks' motion to dismiss for lack of personal jurisdiction, pursuant to Federal Rules of Civil Procedure Rule 12(b)(2), and for improper venue, pursuant to Federal Rules of Civil Procedure Rule 12(b)(3).

Dated:  July 21, 2008                    FITZGERALD ABBOTT & BEARDSLEY LLP

By      /s/ Mark A. Delgado
   Mark A. Delgado
   Attorneys for Defendants
   SAUNDRA COSTICK
   and JOHN COSTICK

| | |
|---|---|
| RICHARD T. WHITE #58622 | |
| MARK A. DELGADO #215618 | |
| FITZGERALD ABBOTT & BEARDSLEY LLP | |
| 1221 Broadway, 21st Floor | |
| Oakland, California 94612 | |
| Telephone: (510) 451-3300 | |
| Facsimile: (510) 451-1527 | |
| Email: rwhite@fablaw.com | |
| mdelgado@fablaw.com | |

Attorneys for Defendants
SAUNDRA COSTICK
(erroneously sued as SANDY COSTICK)
and JOHN COSTICK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| TEG STAFFING, INC., a California Corporation, dba PLATINUM LEGAL,<br><br>Plaintiff,<br><br>vs.<br><br>D. ALEXANDER PLATT, an individual, SANDY COSTICK, an individual, and JOHN COSTICK, an individual; and DOES 1-25<br><br>Defendant | Case No.: 08-cv-3073-JSW<br><br>**DECLARATION OF JOHN COSTICK IN SUPPORT OF MOTION OF DEFENDANTS SAUNDRA COSTICK AND JOHN COSTICK TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**<br><br>Date: August 29, 2008<br>Time: 9:00 a.m.<br>Dept.: Courtroom 2, 17th Floor<br>Before: Honorable Jeffrey S. White |

I, John Costick, hereby declare the following:

1. I am a named defendant in the above-entitled action. The matters set forth below are of my own personal knowledge, except for those matters set forth on information and belief. I can and will competently testify to the facts stated herein if called upon to do so.

2. I currently reside at 34 Tetilla Road in Santa Fe, New Mexico, 87508, where I have lived with my wife Saundra Costick for approximately the past twelve and a half years.

3. I work in New Mexico as a financial planner, and I have done so since we moved to New Mexico in 1995.

4. I have a New Mexico driver's license, and I'm also registered to vote in New Mexico.

1  5.  Other than the fact that my daughter Alex has done some work in Southern California and in the Bay Area, I have no ties whatsoever to the State of California. I do not conduct any business in California. I do not have a California drivers' license. I'm not registered to vote in California. I do not receive any kind of social services from the State of California. Except for Alex, I have no other friends or family in California.

6.  In fact, the only time I visited California within the past ten years was in 2001, when my employer sent me to a conference in Marina Del Rey for two days.

I declare under penalty of perjury that the foregoing is true and correct, and of my own knowledge. Executed on July 21, 2008, in Santa Fe, New Mexico.

_____
JOHN COSTICK

1  RICHARD T. WHITE #58622
   MARK A. DELGADO #215618
2  FITZGERALD ABBOTT & BEARDSLEY LLP
   1221 Broadway, 21st Floor
3  Oakland, California 94612
   Telephone: (510) 451-3300
4  Facsimile: (510) 451-1527
   Email: rwhite@fablaw.com
5         mdelgado@fablaw.com

6  Attorneys for Defendants
   SAUNDRA COSTICK
7  (erroneously sued as SANDY COSTICK)
   and JOHN COSTICK
8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

11 | TEG STAFFING, INC., a California      | Case No.: 08-cv-3073-JSW
   | Corporation, dba PLATINUM LEGAL       |
12 |                                        | DECLARATION OF SAUNDRA
   |                Plaintiff,              | COSTICK IN SUPPORT OF MOTION OF
13 |                                        | DEFENDANTS SAUNDRA COSTICK
   |         vs.                            | AND JOHN COSTICK TO DISMISS
14 |                                        | COMPLAINT FOR LACK OF
   | D. ALEXANDER PLATT, an individual,    | PERSONAL JURISDICTION AND
15 | SANDY COSTICK, an individual, and JOHN| IMPROPER VENUE
   | COSTICK, an individual; and DOES 1-25 |
16 |                                        | Date:   August 29, 2008
   |                Defendant               | Time:   9:00 a.m.
17 |                                        | Dept.:  Courtroom 2, 17th Floor
                                             | Before: Honorable Jeffrey S. White
18

19     I, Saundra Costick, hereby declare the following:

20     1.     I am a named defendant in the above-entitled action. The matters set forth below
21 are of my own personal knowledge, except for those matters set forth on information and belief.
22 I can and will competently testify to the facts stated herein if called upon to do so.
23     2.     I currently reside at 34 Tetilla Road in Santa Fe, New Mexico, 87508, where I
24 have lived with my husband John Costick for approximately the past twelve and a half years.
25     3.     I am currently unemployed, and have been since I retired in 1995.
26     4.     I have a New Mexico driver's license, and I'm also registered to vote in New
27 Mexico.
28     5.     Other than the fact that my daughter Alexander Platt has done some work in

1

1  California, I have no ties whatsoever to the State of California. I do not conduct any business in
2  California. I do not have a California drivers' license. I'm not registered to vote in California. I
3  do not receive any kind of social services from the State of California. Except for Alex, I have
4  no other friends or family in California.

5      6.      In fact, in the past ten years, I have only visited California twice, and both visits
6  lasted about three days. The reason for both trips was to visit my daughter Alex. My most
7  recent trip to California was in December 2007, when I came to visit Alex.

8      I declare under penalty of perjury that the foregoing is true and correct, and of my own
9  knowledge. Executed on July 21, 2008, in Santa Fe, New Mexico.

*[signature]*
SAUNDRA COSTICK

2

1  RICHARD T. WHITE #58622
   MARK A. DELGADO #215618
2  FITZGERALD ABBOTT & BEARDSLEY LLP
   1221 Broadway, 21st Floor
3  Oakland, California  94612
   Telephone: (510) 451-3300
4  Facsimile: (510) 451-1527
   Email: rwhite@fablaw.com
5         mdelgado@fablaw.com

6  Attorneys for Defendants
   SAUNDRA COSTICK
7  (erroneously sued as SANDY COSTICK)
   and JOHN COSTICK
8

9                   UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| TEG STAFFING, INC., a California Corporation, dba PLATINUM LEGAL<br><br>Plaintiff,<br><br>vs.<br><br>D. ALEXANDER PLATT, an individual, SANDY COSTICK, an individual, and JOHN COSTICK, an individual; and DOES 1-25<br><br>Defendant | Case No.: 08-cv-3073-JSW<br><br>**[PROPOSED] ORDER GRANTING MOTION OF DEFENDANTS SAUNDRA COSTICK AND JOHN COSTICK TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**<br><br>Date:   August 29, 2008<br>Time:   9:00 a.m.<br>Dept.:  Courtroom 2, 17th Floor<br>Before: Honorable Jeffrey S. White |

The Motion by Defendants Saundra Costick and John Costick to dismiss the Complaint for Lack of Personal Jurisdiction, pursuant to Federal Rules of Civil Procedure Rule 12(b)(2), and for Lack of Improper Venue, pursuant to Federal Rules of Civil Procedure Rule 12(b)(3), came on regularly for hearing before the Honorable Jeffrey S. White in Courtroom 2 of the above-captioned Court.  Robert W. Brockman, Esq. of Daley & Heft, LLP appeared on behalf of Plaintiff.  Mark A. Delgado, Esq. of Fitzgerald Abbott & Beardsley LLP appeared on behalf of Defendants John and Saundra Costick.

THE COURT having reviewed the moving and opposing papers, and having considered the argument of counsel, and the matter having been submitted,

IT IS HEREBY ORDERED THAT

1.      Defendants' motion to dismiss Plaintiff's Complaint against Defendants John and

1  Saundra Costick for lack of personal jurisdiction is granted.  Plaintiff has not met its burden of
2  showing that the Court has personal jurisdiction over John and Saundra Costick. Fed. Rules Civ.
3  Proc. § 12(b)(2).
4     2.     Defendants' motion to dismiss Plaintiff's Complaint against Defendants John and
5  Saundra Costick for improper venue is granted.  Fed. Rules Civ. Proc. § 12(b)(3).

7  Dated: _____          _____
                                            UNITED STATES DISTRICT JUDGE