BALDWIN J. LEE (BAR NO. 187413)
MARK J. SEIFERT (BAR NO. 217054)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA  94111-4074
Phone:  (415) 837-1515
Fax:  (415) 837-1516
E-Mail:  blee@allenmatkins.com
        mseifert@allenmatkins.com

Attorneys for Defendant
Alexander Platt

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TEG STAFFING, INC., a California corporation, dba PLATINUM LEGAL,<br><br>       Plaintiff,<br><br>   vs.<br><br>D. ALEXANDER PLATT, an individual, SANDY COSTICK, an individual, JOHN COSTICK, an individual, and DOES 1-25,<br><br>      Defendant. | Case No. CV 08-3073-JSW<br><br>**DEFENDANT ALEXANDER PLATT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   October 17, 2008<br>Time:  9:00 a.m.<br>Ctrm:  2<br>Judge:  Hon. Jeffrey S. White |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 17, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard by the Court, located at 450 Golden Gate Street, San Francisco, California, in the courtroom of the Honorable Jeffrey S. White, United States District Judge, Defendant Alexander Platt ("Platt") will, and hereby does, move the Court, pursuant to Federal Rules of Civil Procedure 8(a)(2), 9(b), 12(b)(1), and 12(b)(6), for an order dismissing each cause of action of the Complaint, or, in the alternative, for a more definite statement pursuant to Rule 12(e) or to strike pursuant to Rule 12(f).  By this motion, Platt seeks the dismissal of all claims asserted against her in this proceeding.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

744399.01/SF

Case No.  CV 08-3073-JSW
PLATT'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM

1    The grounds for this motion include the lack of standing of Plaintiff TEG Staffing, Inc.

2 (TEG) to assert the claims of a separate corporation, Eplica, Inc.; TEG's failure to plead claims

3 based on fraud with particularity; TEG's failure to state a claim upon which relief can be granted;

4 and TEG's failure to provide Platt with adequate notice of the claims asserted against her.

5    This motion is based upon the Memorandum of Points and Authorities attached hereto; the

6 Request for Judicial Notice filed concurrently herewith; the Declaration of Mark J. Seifert filed

7 concurrently herewith; all pleadings, records and papers on file in this action; all matters of which

8 judicial notice may be taken; and such further evidence and argument as may be presented to the

9 Court at the hearing of this motion.

10    PLEASE TAKE FURTHER NOTICE that any response to this motion must be filed and

11 served no later than 21 days before the hearing date.  Failure to timely file and serve a response

12 may be deemed consent to the relief sought herein.

13

14 Dated:  August 8, 2008

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
BALDWIN J. LEE
MARK J. SEIFERT


By:  _____/s/_____
     MARK J. SEIFERT
     Attorneys for Defendant
     Alexander Platt

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

744399.01/SF

-2-

Case No.  CV 08-3073-JSW
PLATT'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM

# TABLE OF CONTENTS

**Page**

I.  Factual Background..........................................................................................................1

II. Argument.......................................................................................................................2

    A.   Legal Standard Under Rules 8(a)(2), 9(b), 12(b)(1), 12(b)(6), 12(e),
       and 12(f) ....................................................................................................2

    B.   The RICO Claim Must Be Dismissed Because TEG Fails to Plead
       the Predicate Acts of Mail and Wire Fraud with Particularity, and
       Fails to Plead Facts Showing Proximate Cause ........................................3

         1.   TEG Fails to Please Mail and Wire Fraud with Particularity ....................4

         2.   TEG Fails to Please Proximate Cause Under RICO ..................................4

    C.   The Conversion Claim Should Be Dismissed Because TEG Fails to
       Please the Amount of Funds Allegedly Converted ...................................5

    D.   The Breach of Contract Claim Must Be Dismissed Because TEG Is
       Not a Party to Exhibit C, the Allegations of Breach Are
       Impermissibly Vague, the Non-Solicitation Provisions Are Void as
       Against Public Policy, and Punitive Damages Are Not Available for
       Breach of Contract ...................................................................................6

         1.   TEG Does Not Have Standing to Assert a Breach of
            Exhibit C ..................................................................................7

         2.   The Allegations of Breach Are Impermissibly Vague ...............................8

         3.   The Non-Solicitation Provisions of Exhibit C Are Void as
            Against Public Policy ................................................................9

         4.   The Request for Punitive Damages Should Be Stricken...........................10

    E.   The Fraud Claim Must Be Dismissed Because It Lacks Particularity .................10

    F.   The Claims for Tortious Interference Must Be Dismissed Because
       They Are Depend on Exhibit C Which Is Invalid, They Are
       Impermissibly Vague, and There Is No Allegation of Independent
       Wrongfulness .........................................................................................10

         1.   The Prospective Economic Relations Claims Must Be
            Dismissed Because TEG Fails to Plead Any Independent
            Wrongfulness ..........................................................................11

         2.   The Tortious Interference Claims Cannot Be Based on
            Exhibit C ................................................................................12

         3.   The Tortious Interference Claims Are Impermissibly Vague...................12

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

744399.01/SF

(i)

Case No.  CV 08-3073-JSW
PLATT'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM

1

**Page**

2       G.    The Unfair Business Practices Claim Must Be Dismissed Because TEG Fails to Plead Any Unlawful or Unfair Act, or Any Fraudulent

3           Act with Particularity ................................................. 13

4          1.    TEG Fails to Plead Any "Unlawful" or "Unfair" Act .............................. 13

5          2.    TEG Fails to Plead Any "Fraudulent" Act with Particularity .................. 14

6       H.    The Misappropriation of Trade Secrets Claim Must Be Dismissed Because TEG Does Not Allege Any "Trade Secret." ........................... 14

7

8       I.     The Request for an Accounting Should Be Dismissed as Moot Because There Is No Basis for Substantive Liability ............................. 15

9   III.    Conclusion ............................................................... 15

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

744399.01/SF

(ii)

Case No.  CV 08-3073-JSW
PLATT'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*Alan Neuman Prod., Inc. v. Albright,*
    862 F.2d 1388 (9th Cir. 1989) ........................................................................................... 3, 4

5

*American Paper & Packaging Prod., Inc. v. Kirgan,*
    183 Cal. App. 3d 1318 (1986) ............................................................................................. 15

6

*Balistreri v. Pacifica Police Dep't,*
    901 F.2d 696 (9th Cir. 1990) ................................................................................................ 3

7

8

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,*
    20 Cal. 4th 163 (Cal. 1999) ......................................................................................... 13, 14

9

*Chaset v. Fleer/Skybox Int'l,*
    300 F.3d 1083 (9th Cir. 2002) .............................................................................................. 5

10

11

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.,*
    11 Cal. 4th 376 (1995) ................................................................................................. 11, 12

12

*D'sa v. Playhut, Inc.,*
    85 Cal. App. 4th 927 (2000) ........................................................................................... 9, 10

13

14

*Durning v. First Boston Corp.,*
    815 F.2d 1265 (9th Cir. 1987) .............................................................................................. 7

15

*Elk Grove Unified School Dist. v. Newdow,*
    542 U.S. 1 (2004) .............................................................................................................. 3, 7

16

17

*Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc.,*
    528 U.S. 167 (2000) ............................................................................................................. 7

18

*Hewlett-Packard Co. v. Intergraph Corp.,*
    No. C 03-2517 MJJ, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003) .................................. 2

19

20

*Holmes v. Sec. Investor Protection Corp.,*
    503 U.S. 285 (1992) ............................................................................................................. 5

21

*J'Aire Corp. v. Gregory,*
    24 Cal. 3d 799 (1979) ........................................................................................................ 11

22

23

*Jones v. Cmty. Redevelopment Agency,*
    733 F.2d 646 (9th Cir. 1984) ................................................................................................ 2

24

*Korea Supply Co. v. Lockheed Martin Corp.,*
    29 Cal. 4th 1134 (2003) ............................................................................................... 11, 12

25

26

*Macias v. Tomanek,*
    No. C 07-03437 JSW, 2008 WL 94806 (N.D. Cal. Jan. 8, 2008) ........................................ 5

27

28

*McHenry v. Renne,*
    84 F.3d 1172 (9th Cir. 1996) ................................................................................................ 3

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

744399.01/SF

(iii)

Case No.  CV 08-3073-JSW
PLATT'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM

**Page(s)**

*Metro Traffic Control, Inc. v. Shadow Traffic Network,*
　　22 Cal. App. 4th 853 (1994) ....................................................................... 9, 15

*Miller v. Yokohama Tire Corp.,*
　　358 F.3d 616 (9th Cir. 2004) ........................................................................... 4

*Moore v. Kayport Package Express, Inc.,*
　　885 F.2d 531 (9th Cir. 1989) ....................................................................... 3, 4

*Mullis v. United States Bank. Ct.,*
　　828 F.2d 1385 (1987) ........................................................................................ 7

*Nat'l Med. Trans. Network v. Deloitte & Touche,*
　　62 Cal. App. 4th 412 (1998) ..................................................................... 11, 12

*Oscar v. Univ. Students Co-Operative Ass'n,*
　　965 F.2d 783 (9th Cir. 1992) ........................................................................... 3

*Pareto v. FDIC,*
　　139 F.3d 696 (9th Cir. 1998) ........................................................................... 3

*PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Weil & Shapiro, LLP,*
　　150 Cal. App. 4th 384 (2007) ....................................................................... 5, 6

*Quelimane Co. v. Stewart Title Guar. Co.,*
　　19 Cal. 4th 26 (1998) ..................................................................................... 11

*Quigley v. Pet, Inc.,*
　　162 Cal. App. 3d 877 (1984) ......................................................................... 10

*Thompson v. Impaxx, Inc.,*
　　113 Cal. App. 4th 1425 (2003) .................................................................... 9, 10

*Tuchscher Dev. Enters., Inc. v. San Diego Unified Port Dist.,*
　　106 Cal. App. 4th 1219 (2003) ................................................................... 11, 12

*United States v. Hays,*
　　515 U.S. 737 (1995) .......................................................................................... 7

*Vu v. Cal. Commerce Club, Inc.,*
　　58 Cal. App. 4th 229 (1997) ......................................................................... 5, 6

*Warth v. Seldin,*
　　422 U.S. 490 (1975) .......................................................................................... 7

*Whyte v. Schlage Lock Co.,*
　　101 Cal. App. 4th 1443 (2002) .................................................................... 14, 15

**Statutes**

18 U.S.C. § 1961(1)(B) ......................................................................................... 4

Cal. Bus. & Prof. Code § 16600 ........................................................................... 9

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

744399.01/SF

(iv)

Case No. CV 08-3073-JSW
PLATT'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM

**Page(s)**

Cal. Bus. & Prof. Code § 17200......................................................................................... 13

Cal. Bus. & Prof. Code § 17206......................................................................................... 13

Cal. Civ. Code § 3294(a).................................................................................................... 10

Cal. Civ. Code § 3300 ....................................................................................................... 10

Cal. Civ. Code § 3426.1(d) ............................................................................................... 14

Cal. Civ. Code § 3426.1(d)(1)........................................................................................... 15

**Other Authorities**

13 *Cal. Forms of Pleading & Practice*
    (Matthew Bender 2007) § 150.11 ................................................................................. 5

William W. Schwarzer et al., *Cal. Practice Guide: Fed. Civ. P. Before Trial*
    (Rutter 2007) § 8:38 ...................................................................................................... 4

**Rules**

Fed. R. Civ. P. 12(b)(1) ....................................................................................................... 3

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 3

Fed. R. Civ. P. 12(e) ............................................................................................................ 3

Fed. R. Civ. P. 12(f) ............................................................................................................. 3

Fed. R. Civ. P. 8(a)(2) .......................................................................................................... 2

Fed. R. Civ. P. 9(b)......................................................................................................... 2, 10

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

744399.01/SF

(v)

Case No.  CV 08-3073-JSW
PLATT'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM

**SUMMARY OF ARGUMENT**

As the defects in the Complaint reflect, this is an abusive lawsuit by a company against its former employee. Among these defects are a request for punitive damages based on breach of contract, a frivolous RICO claim that fails to plead the predicate acts of mail and wire fraud with particularity, the fact that TEG is not even indicated as a party to the key portion (i.e., Exhibit C) of the purported employment agreement, and the request for a grossly overbroad permanent injunction that would effectively foreclose Platt from pursuing a living. TEG has even gone so far as to pursue Platt's mother and father (Saundra and John Costick) by suing them as well. The defects in the Complaint require dismissal of each claim as follows:

- The RICO claim fails to plead mail and wire fraud with particularity, or proximate cause.

- The conversion claim fails to plead the amount of funds allegedly converted.

- The breach of contract claim must be dismissed because TEG is not identified as a party to Exhibit C of the alleged contract and therefore lacks standing to assert its breach; the allegations are too vague to put Platt on notice of the claim such that she cannot reasonably be required to frame a response; the non-solicitation provisions violate public policy; and punitive damages are not available for breach of contract.

- The fraud claim fails because TEG has failed to plead it with particularity and because TEG has failed to plead its justifiable reliance on any alleged misrepresentation.

- The four interference claims fail insofar as they are based on a breach of Exhibit C, and otherwise because they are too vague. Moreover, the claims for intentional and negligent interference with prospective economic relations claim fail because they fail to plead the element of independent wrongfulness.

- The unfair business practices claim fails to plead any cognizable unlawful or unfair act, and fails to plead any fraudulent act with particularity.

- The trade secrets claim fails insofar as it is based on Exhibit C, and because it is too vague. Also, TEG's claim would violate public policy by unduly limiting Platt's ability to work.

- The request for an accounting is moot absent any substantive liability against Platt.

The Complaint should be dismissed accordingly.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

744399.01/SF

-1-

Case No.  CV 08-3073-JSW
PLATT'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Complaint should be dismissed pursuant to Rules 8(a)(2), 9(b), 12(b)(1), and 12(b)(6). Alternatively, TEG should be ordered to provide a more definite statement pursuant to Rule 12(e) or certain allegations should be stricken pursuant to Rule 12(f).

## I.    Factual Background[1]

TEG alleges that it entered an employment agreement with Platt on May 1, 2006.  (Compl. ¶¶ 18-20 & Ex. A.)  TEG alleges that the purported agreement contains certain exhibits, including an Exhibit C titled "Employment Nondisclosure and Assignment Agreement."  (*Id.* ¶ 19.) Exhibit C, however, does not identify TEG as a party, and instead states, "This Agreement sets forth in writing certain understandings and procedures in effect as of the date of my initial employment with *Eplica, Inc. ('Company')*."  (*Id.* ¶¶ 19-20 & Ex. A, Ex. C, at 1 (emphasis added).)[2]  Reports from the California Secretary of State indicate that TEG and Eplica, Inc. are distinct corporations.  (Request for Judicial Notice; Declaration of Mark J. Seifert ("Seifert Decl.") Ex. 1-2.)  TEG ended the purported agreement on February 18, 2008.  (Compl. ¶ 21.)

TEG alleges that Platt breached Section 2.2 (full time / best efforts) and Section 8 (no conflict of interest) of the employment agreement by "not performing in the best interests of [TEG] and competing against [TEG] by devising a scheme or artifice to misappropriate...funds owed to [TEG]" and mailing such funds to a "personal address in New Mexico care of either [of her parents]."  (*Id.* ¶ 22(a).)  TEG alleges that Platt "misrepresented and/or concealed material facts in requiring [TEG's] clients or customers to pay Defendants directly for [TEG's] services and

---

[1]   Although Platt disputes many of the facts alleged in the Complaint, the following summary assumes their truth for purposes of this motion, except where contradicted by documents attached to the Complaint or by judicially noticeable facts.

[2]   The purported agreement attached to the Complaint as Exhibit A is immediately followed by four consecutively paginated exhibits:  Exhibits A ("Position Expectations, Duties and Responsibilities"), Exhibit B ("Incentive Compensation"), Exhibit C ("Confidentiality and Proprietary Information Rights"), and Exhibit D ("Mutual Agreement to Arbitrate Claims"). Of these, Exhibit B appears to be cut off after the first page as it ends with a heading at the bottom of the page, and because there is no page 9 in the exhibits.  Exhibits C and D each are blank other than their titles.  These four exhibits are then followed by *another* Exhibit C ("Employee Nondisclosure and Assignment Agreement"), which refers to Eplica, Inc. and not TEG, is not paginated with the first exhibits, has a different document number in its footer, and has a different date.  This second Exhibit C appears to have its own Exhibit A ("Prior Innovations") and Exhibit B ("Limited Exclusion Notification to Employees in California").

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

744399.01/SF

-1-

Case No.  CV 08-3073-JSW
PLATT'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM

1  thereby misappropriating [TEG's funds]." (*Id.*)  TEG alleges that Platt breached Section 12.1 of

2  Exhibit C (non-solicitation) by soliciting TEG's clients.  (*Id.* ¶ 22(b).)  TEG alleges that Platt

3  breached Section 2 of Exhibit C (ownership and non-disclosure of proprietary information) by

4  using "Proprietary Information" to solicit TEG's clients.  (*Id.* ¶ 22(c).)  TEG claims that

5  Defendants used wire communications and the mail "to effectuate the scheme." (*Id.* ¶¶ 23-25.)

6       TEG purports to assert eleven causes of action:  (1) violation of the Racketeer Influenced

7  and Corrupt Organization Act ("RICO"), (2) conversion, (3) breach of contract, (4) fraud,

8  (5) intentional interference with contractual relations, (6) negligent interference with contractual

9  relations, (7) intentional interference with prospective economic relations, (8) negligent

10 interference with prospective economic relations, (9) unfair business practices,

11 (10) misappropriation of trade secrets, and (11) accounting.  (*Id.* ¶¶ 26-115.)  (Additional facts

12 specific to each cause of action are set forth in the corresponding parts of the Argument section.)

13      TEG seeks compensatory damages, punitive damages, treble damages, costs, attorney's

14 fees, and injunctive relief (including, among other things, a prohibition on Platt's ability to solicit

15 "any former, current or prospective client or customer of [TEG]").  (*Id.* at 16-19.)

16 **II.    Argument**

17      The Complaint must be dismissed because it fails to plead fraud with particularity, fails to

18 state a claim, fails to give fair notice to Platt of the basis for the claims asserted against her, and is

19 not justiciable in certain respects.

20      **A.    Legal Standard Under Rules 8(a)(2), 9(b), 12(b)(1), 12(b)(6), 12(e), and 12(f).**

21      Federal Rule of Civil Procedure 8(a)(2) requires dismissal of a complaint if it fails to give

22 the defendant sufficient notice of the claims asserted.  *Jones v. Cmty. Redevelopment Agency*, 733

23 F.2d 646, 649-50 (9th Cir. 1984) (claims properly dismissed where "conclusional" allegations

24 "unsupported by any facts" failed to provide fair notice to defendants); *Hewlett-Packard Co. v.*

25 *Intergraph Corp.*, No. C 03-2517 MJJ, 2003 WL 23884794, at *1 (N.D. Cal. Sept. 6, 2003)

26 (dismissing claims under Rule 8(a)(2)).

27      Rule 9(b) requires a plaintiff claiming fraud to plead with particularity.  Fed. R. Civ.

28 P. 9(b).  Rule 9(b) applies not only to claims for fraud per se, but also to claims based on fraud,

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

744399.01/SF

-2-

Case No.  CV 08-3073-JSW
PLATT'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM

such as RICO claims predicated on mail or wire fraud. *Alan Neuman Prod., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1989). "Rule 9(b) requires that the pleader state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989); *Alan Neuman*, 862 F.2d at 1393.

Rule 12(b)(1) requires dismissal where there is a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Claims must be dismissed for lack of subject matter jurisdiction if the plaintiff lacks standing. *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 11-12 (2004).

Rule 12(b)(6) requires dismissal where there is a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court must dismiss if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "[C]onclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Rule 12(e) requires a more definite statement where a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e); *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Rule 12(f) requires striking "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f).

**B.    The RICO Claim Must Be Dismissed Because TEG Fails to Plead the Predicate Acts of Mail and Wire Fraud with Particularity, and Fails to Plead Facts Showing Proximate Cause.**

TEG's RICO claim (Compl. ¶¶ 26-33) is frivolous and does not belong in this case. *See Oscar v. Univ. Students Co-Operative Ass'n*, 965 F.2d 783, 786 (9th Cir. 1992) (en banc) ("RICO was intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff."). The claim is based on allegations of mail and wire fraud but TEG has failed to plead such fraud with particularity. Moreover, TEG has failed to plead facts showing that the alleged mail and wire fraud proximately caused the alleged injury to TEG.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

744399.01/SF

-3-

Case No.  CV 08-3073-JSW
PLATT'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM

**1.    TEG Fails to Please Mail and Wire Fraud with Particularity.**

The elements of a civil RICO claim are (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th Cir. 2004). "Racketeering activity" is defined as an indictable act under various criminal statutes, and includes mail and wire fraud. 18 U.S.C. § 1961(1)(B).

Where mail and wire fraud are alleged as the predicate acts of a RICO claim, Rule 9(b) "requires that circumstances constituting fraud be stated with particularity." *Alan Neuman*, 862 F.2d at 1392. In order to meet this burden, a plaintiff must plead the time, place, and content of each allegedly fraudulent statement, and the identities of the parties to such statements. *Moore*, 885 F.2d at 541; *Alan Neuman*, 862 F.2d at 1393. The purposes of the particularity requirement include ensuring that a defendant has enough information to formulate a defense; reducing frivolous suits; reducing fraud actions in which the facts are not learned until after discovery; and providing additional protection of a defendant's reputation. *See generally* William W. Schwarzer et al., *Cal. Practice Guide: Fed. Civ. P. Before Trial* (Rutter 2007) § 8:38.

TEG's RICO claim fails to plead mail or wire fraud with the level of particularity required by Rule 9(b). TEG alleges, on information and belief, that Platt "misrepresented and/or concealed material facts in requiring [TEG's] clients or customers to pay Defendants directly for [TEG's] services and thereby misappropriated [TEG's funds]." (Compl. ¶ 22(a).) TEG also alleges, again on information and belief, that Defendants committed "multiple instances of mail fraud...and multiple instances of wire fraud." (Compl. ¶ 30.) These allegations provide no information concerning the specific content of the misrepresentations Platt supposedly made, whether she made them to TEG or to its customers, to which specific customers (if any) she made them, or when she made them. These statements are exactly the type of allegations that are regularly dismissed under Rule 9(b). *Alan Neuman*, 862 F.2d at 1393 (general references to "many" acts of mail and wire fraud not sufficiently particular). They similarly should be rejected here.

**2.    TEG Fails to Please Proximate Cause Under RICO.**

A RICO plaintiff must plead facts showing that they were injured *because of* the alleged RICO violations; i.e., the plaintiff must show that there is a "*direct relation* between the injury

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

744399.01/SF

-4-

Case No.  CV 08-3073-JSW
PLATT'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM

1   asserted and the injurious conduct alleged." *Holmes v. Sec. Investor Protection Corp.*, 503 U.S.

2   285, 266 (1992) (emphasis added); *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1086 (9th Cir.

3   2002); *Macias v. Tomanek*, No. C 07-03437 JSW, 2008 WL 94806, at *2 (N.D. Cal. Jan. 8, 2008).

4          In the present case, the only attempt to allege proximate cause in the RICO claim is a

5   conclusory statement that Defendants' alleged pattern of racketeering activity "proximately

6   caused" injury to TEG.  (Compl. ¶ 31.)  Conclusory allegations of this nature are to be disregarded

7   in ruling on a motion to dismiss.  *See supra* Part II.A.  Beyond this, TEG alleges that Platt used the

8   mail and wire services to arrange to send misappropriated funds out of state, and to actually send

9   such funds out of state.  (Compl. ¶¶ 22-25.)  Assuming arguendo that these allegations are part of

10  the RICO claim, there is an absence of proximate cause because sending the funds out of state

11  necessarily would have occurred *after* the alleged misappropriation.  *Macias*, No. C 07-03437

12  JSW, 2008 WL 94806, at *2 ("According to well-settled Supreme Court precedent, if the mailings

13  occur after the consummation of the fraudulent scheme's objective, such mailings will not support

14  a mail fraud charge.").  Based on the foregoing, the RICO claim must be dismissed.

15         **C.    The Conversion Claim Should Be Dismissed Because TEG Fails to Please the**
              **Amount of Funds Allegedly Converted.**

16

17         TEG's conversion claim (Compl. ¶¶ 34-42) must be dismissed because TEG fails to plead

18  the amount of funds allegedly converted.  The elements of conversion are (1) the plaintiff's

19  ownership or right to possess the property at issue, (2) the defendant's conversion of the property

20  by a wrongful act, and (3) damages.  *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Weil &*

21  *Shapiro, LLP*, 150 Cal. App. 4th 384, 395 (2007).  A claim for conversion requires, among other

22  things, that the defendant have interfered with specific tangible property, or intangible property if

23  represented by a document.  *See generally* 13 *Cal. Forms of Pleading & Practice* (Matthew

24  Bender 2007) § 150.11.  Where the property at issue is money, a claim for conversion will fail as a

25  matter of law unless the plaintiff can identify the specific sum at issue.  *Id.* § 150.12; *Vu v. Cal.*

26  *Commerce Club, Inc.*, 58 Cal. App. 4th 229, 231, 235 (1997) (affirming summary judgment

27  against conversion claim arising out of defendants' alleged cheating at cards where "neither by

28  pleading nor responsive proof did plaintiffs identify any specific, identifiable sums" that defendant

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

744399.01/SF

-5-

Case No.  CV 08-3073-JSW
PLATT'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM

1    card club took from them); *PCO, Inc.*, 150 Cal. App. 4th at 397 (conversion claim based on

2    misappropriated bags of money was not supported where number of bags ranged from 8 to 18, and

3    amounts per bag ranged from $250,000 to $780,000).

4        TEG's claim for conversion is based on the alleged misappropriation of money, but it fails

5    to specify any particular amount.  TEG alleges that Defendants misappropriated "a substantial and

6    specific amount of [TEG's] property."  (Compl. ¶ 36.)  Notwithstanding the conclusory allegation

7    that a "specific amount" was taken, TEG does not actually specify any amount.  As a result, TEG's

8    conversion claim must be dismissed.  *Vu*, 58 Cal. App. 4th at 231, 235.

9        Additionally, the conversion claim is also subject to dismissal insofar as it is based on

10   fraud.  (Compl. ¶¶ 35-36 (basing claim on "fraudulent" activities).  TEG has failed to plead fraud

11   with particularity, as stated *supra* Part II.B.

12       Finally, the punitive damages portion of the conversion claim should be stricken because it

13   is based on a violation of the purported employment agreement.  (Compl. ¶ 42 ("Defendants'

14   wrongful and illegal conduct was done with malice, oppression, and/or fraud, as illustrated above,

15   in that Defendants knew said conduct *was in violation of "the Agreement"* and illegal, and

16   Defendants intentionally, or recklessly, undertook this action, entitling [TEG] to an award of

17   punitive damages against Defendants." (emphasis added).)  This request should be stricken

18   because Platt did not breach that agreement as discussed below in Part II.D.

19       **D.    The Breach of Contract Claim Must Be Dismissed Because TEG Is Not a**
             **Party to Exhibit C, the Allegations of Breach Are Impermissibly Vague, the**
20           **Non-Solicitation Provisions Are Void as Against Public Policy, and Punitive**
             **Damages Are Not Available for Breach of Contract.**

21

22       The breach of contract claim (Compl. ¶¶ 43-49) must be dismissed for at least four reasons.

23   First, TEG is not identified as a party to Exhibit C of the alleged contract and therefore lacks

24   standing to assert its breach.  Second, the allegations of breach are too vague to put Platt on notice

25   of the claim against her.  Third, the non-solicitation provisions in the alleged agreement

26   contravene public policy and are void.  Fourth, the request for punitive damages should be stricken

27   because punitive damages are not available for breach of contract.

28

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

744399.01/SF

Case No.  CV 08-3073-JSW
PLATT'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM
-6-

### 1.    TEG Does Not Have Standing to Assert a Breach of Exhibit C.

TEG cannot assert a breach of the terms of Exhibit C (Compl. ¶¶ 22(b)-(c), 45) because Exhibit C states that the employer is Eplica, Inc., *not* TEG.  A plaintiff can only assert claims for injury to the plaintiff's own legal rights, and claims based on the legal rights of third parties must be dismissed for lack of standing.  *Newdow*, 542 U.S. at 12, 17-18 (plaintiff lacked standing to challenge school policy requiring daughter to recite pledge of allegiance).  The burden is on the plaintiff to establish standing.  *United States v. Hays*, 515 U.S. 737, 743 (1995); *Warth v. Seldin*, 422 U.S. 490, 499-502 (1975).  Standing must be assessed as to each form of relief sought.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc.*, 528 U.S. 167, 185 (2000).

TEG has failed to establish standing to assert claims based on Exhibit C.  Where, as here, a document incorporated into a complaint contradicts an allegation of the complaint, the document controls over the allegation.  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  Although TEG asserts that Exhibit C is part of the employment agreement (Compl. ¶ 44), the express terms of Exhibit C contradict this allegation.  Exhibit C expressly states, "This Agreement sets forth in writing certain understandings and procedures in effect as of the date of my initial employment with *Eplica, Inc. ('Company')*."  (*Id.* ¶¶ 19-20 & Ex. A, Ex. C, at 1 (emphasis added).)  Exhibit C is not part of the other four exhibits that immediately follow the main part of the purported agreement, is not consecutively paginated with those exhibits, does not have the same document number footer as those exhibits, and shows a different date of execution.  (*Id.*)

Moreover, there are no allegations indicating that TEG is the alter ego of Eplica, Inc., and judicially noticeable documents confirm that these are in fact distinct corporations.  (Request for Judicial Notice; Seifert Decl. Ex. 1-2.)  Judicially noticeable facts may be considered in ruling on a motion to dismiss, and control over the allegations of the complaint.  *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 (1987).  Nor are there any other allegations to suggest that TEG has standing to assert the claims of Eplica, Inc.  TEG's breach of contract claim, to the extent it is based on Exhibit C, must therefore be dismissed, and it request for an injunction under Section 14 of Exhibit C (Compl. ¶ 49) should be stricken.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

744399.01/SF

-7-

Case No.  CV 08-3073-JSW
PLATT'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM

1       **2.**     **The Allegations of Breach Are Impermissibly Vague.**

2       Assuming arguendo that TEG has standing to assert a breach of Exhibit C, such

3 allegations, as well as the remaining breach of contract allegations, are too vague to inform Platt of

4 the claims against her, and she cannot reasonably be required to frame a response.  TEG alleges

5 that Platt breached Section 2.2 (full time / best efforts) and Section 8 (no conflict of interest) of the

6 employment agreement by "not performing in the best interests of [TEG] and competing against

7 [TEG] by devising a scheme or artifice to misappropriate an amount believed to be in excess of

8 $100,000 in funds owed to [TEG]."  (Compl. ¶ 22(a); *see also id.* ¶ 45.)  TEG goes on to allege,

9 "Specifically, [TEG] is informed and believes Defendant Platt, while employed, misrepresented

10 and/or concealed material facts in requiring [TEG's] clients or customers to pay Defendants

11 directly for [TEG's] services and thereby misappropriating [TEG's funds]."  (*Id.* ¶ 22(a).)

12       These allegations in Paragraphs 22(a) of the Complaint, however, do not fairly disclose

13 how Platt allegedly breached the purported agreement, and thus would require (if not dismissed) a

14 more definite statement under Rule 12(e).  They do not indicate what "material facts" were

15 allegedly misrepresented or concealed.  Nor do they indicate which "clients or customers" were

16 involved.  Nor do they indicate which of TEG's "services" were involved.  If TEG truly is

17 "informed and believes" that it has grounds to assert this claim, it must provide (pursuant to Rule

18 12(e)) a more definite statement of the basis for its information and belief, as well as sufficient

19 facts to allow Platt to frame a response.

20       These same deficiencies also apply to TEG's allegations that Platt breached Section 12.1 of

21 Exhibit C (non-solicitation) by "soliciting [TEG]'s current clients or customers for personal gain

22 within one year of being terminated," and Section 2 of Exhibit C (ownership and non-disclosure of

23 proprietary information) by using "Proprietary Information, as defined within Exhibit C, to solicit

24 [TEG]'s current clients or customers for personal gain within one year of being terminated."  (*Id.*

25 ¶¶ 22(b)-22(2).)  TEG does not indicate which "clients or customers" were involved, what

26 "Proprietary Information" was used, how that "Proprietary Information" was used, or how Platt

27 stood to personally gain from this.  Again, these allegations are too generalized to fairly inform

28 Platt of the claim against her, and she cannot reasonably be required to frame a response.  And

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

744399.01/SF

-8-

Case No.  CV 08-3073-JSW
PLATT'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM

1  given that Eplica, Inc., and not TEG, is the named party to Exhibit C, there is additional confusion

2  concerning which clients are involved:  those of TEG, those of Eplica, Inc, or both?  All of this is

3  unclear based on TEG's allegations and requires a more definite statement under Rule 12(e).

4       **3.    The Non-Solicitation Provisions of Exhibit C Are Void as Against Public Policy.**

5

6       In addition to the standing and pleading issues identified in Parts II.D.1 and II.D.2 *supra*,

7  the allegations of breach based on Exhibit C must be dismissed because Exhibit C's non-

8  solicitation provisions are void as against public policy.  California law holds that employee

9  covenants not to compete are void:  "Except as provided in this chapter, every contract by which

10  anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that

11  extent void."  Cal. Bus. & Prof. Code § 16600.  Section 16600 reflects a public policy of

12  protecting employees' rights to pursue the employment of their choice.  *D'sa v. Playhut, Inc.*, 85

13  Cal. App. 4th 927, 933 (2000); *Metro Traffic Control, Inc. v. Shadow Traffic Network*, 22 Cal.

14  App. 4th 853, 859 (1994).  As a result of this policy, an employee's covenant not to solicit a

15  former employer's customers is treated as a covenant not to compete and is void under Section

16  16600, absent a showing that the clause exists for the protection of bona fide trade secrets.  *D'sa*,

17  85 Cal. App. 4th at 934-35; *Thompson v. Impaxx, Inc.*, 113 Cal. App. 4th 1425, 1429 (2003)

18  ("Antisolicitation covenants are void as unlawful business restraints except where their

19  enforcement is necessary to protect trade secrets." (internal quotation marks and citation omitted)).

20       In the present case, Exhibit C's non-solicitation provisions are broad and not limited to the

21  protection of trade secrets, and therefore are void.  Section 12 (which immediately precedes the

22  non-solicitation language in Section 12.1) states that "the following subsections are necessary to

23  protect Companies' *confidential [information]* and trade secret information *and business*

24  *interests*."  (Compl., Ex. A, Ex. C § 12 (emphasis added).)  As the italicized language indicates,

25  the non-solicitation provision in Section 12.1 is intended to protect not only trade secrets, but also

26  confidential information generally, as well as generic "business interests."  And the broad

27  injunctive relief sought by TEG confirms the restrictive effect it seeks to have on Platt's ability to

28  earn a living.  (Compl., at 18 (seeking injunction against Platt prohibiting her from soliciting

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

744399.01/SF

-9-

Case No.  CV 08-3073-JSW
PLATT'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM

1  business not only from former and current customers, but also from *prospective customers* of

2  TEG).)  Since the non-solicitation agreement is not limited to the protection of trade secrets, it is

3  void.  *D'sa*, 85 Cal. App. 4th at 934-35; *Thompson*, 113 Cal. App. 4th at 1429.

4  A similar analysis applies to the non-disclosure provision in Section 2.  The only alleged

5  breach of Section 2 is the solicitation of customers.  (Compl. ¶ 22(c).)  Yet Section 2, according to

6  its terms, prohibits the disclosure of "Proprietary Information" generally, which is defined in

7  Sections 1 and 4 to include numerous types of information beyond trade secrets.  (*Id.*, Ex. A,

8  Ex. C §§ 1, 4.)  Section 2, like Section 12.1, therefore is void as against public policy.  *D'sa*, 85

9  Cal. App. 4th at 934-35; *Thompson*, 113 Cal. App. 4th at 1429.

10  **4.    The Request for Punitive Damages Should Be Stricken.**

11  TEG requests punitive damages as part of its claim for breach of contract.  (Compl. ¶ 48.)

12  This request should be stricken because punitive damages are not available for a breach of

13  contract.  *Quigley v. Pet, Inc.*, 162 Cal. App. 3d 877, 887 (1984); Cal. Civ. Code §§ 3294(a), 3300.

14  **E.    The Fraud Claim Must Be Dismissed Because It Lacks Particularity.**

15  TEG fails to plead its fraud claim (Compl. ¶¶ 50-58) with particularity.  Federal Rule 9(b)

16  requires a plaintiff to plead fraud with particularity.  Fed. R. Civ. P. 9(b).  This requires pleading

17  the time, place, and specific content of the false representations, as well as pleading the identities

18  of the parties to the misrepresentation.  *See supra* Part II.B.1.

19  TEG pleads none of this.  Although TEG claims that Platt wrongfully required TEG's

20  clients to pay Defendants directly for TEG's services (Compl. ¶ 51), TEG fails to specify what

21  Platt said or to whom she said it.  TEG does not say whether the alleged misrepresentations were

22  made to TEG or its customers, and if the latter, which customers.  Nor does TEG identify when or

23  where any misrepresentations were made.  TEG also fails to indicate who took what action (or

24  inaction) in justifiable reliance on the alleged misrepresentations.  The claim must be dismissed.

25  **F.    The Claims for Tortious Interference Must Be Dismissed Because They Are
26        Depend on Exhibit C Which Is Invalid, They Are Impermissibly Vague, and
       There Is No Allegation of Independent Wrongfulness.**

27  TEG asserts four claims for tortious interference:  intentional interference with contractual

28  relations (Compl. ¶¶ 59-66), negligent interference with contractual relations (Compl. ¶¶ 67-74),

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

744399.01/SF

Case No.  CV 08-3073-JSW
PLATT'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM

-10-

1    intentional interference with prospective economic relations (Compl. ¶¶ 75-83), and negligent

2    interference with prospective economic relations (Compl. ¶¶ 84-90). The two claims for

3    intentional and negligent interference with prospective economic relations fail because they do not

4    plead the element of independent wrongfulness. Moreover, all four interference claims fail insofar

5    as they are based on a breach of Exhibit C, and otherwise because they are too vague.

6              **1.      The Prospective Economic Relations Claims Must Be Dismissed
                         Because TEG Fails to Plead Any Independent Wrongfulness.**

7

8              The elements of intentional interference with contractual relations are (1) a valid contract

9    between the plaintiff and a third party, (2) the defendant's knowledge of that contract, (3) the

10   defendant's intentional acts designed to induce breach or disruption of the contractual relationship,

11   (4) actual breach or disruption, and (5) resulting damages. *Quelimane Co. v. Stewart Title Guar.*

12   *Co.*, 19 Cal. 4th 26, 55 (1998). The elements of intentional interference with prospective

13   economic advantage are generally the same, except that (a) rather than pleading an actual contract,

14   the plaintiff may plead an economic relationship between the plaintiff and a third party with the

15   probability of future economic benefit, and (b) the defendant's conduct must be *independently*

16   *wrongful*. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1164-66 (2003); *Della*

17   *Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 392-93 (1995). The "independently

18   wrongful" element means that the conduct must be proscribed by a constitutional, statutory,

19   regulatory, common law, or other determinable legal standard, and must therefore independently

20   actionable. *Korea Supply*, 29 Cal. 4th 1159.

21             The elements of negligent interference with contractual or economic relations are (1) a

22   valid contract (or economic relationship) between the plaintiff and a third party, (2) the defendant's

23   knowledge of that contract or relationship, (3) the defendant's failure to act with due care,

24   (4) reasonable foreseeability that the failure to exercise due care would interfere with the contract

25   or relationship, (5) actual interference, and (6) resulting damage. *Tuchscher Dev. Enters., Inc. v.*

26   *San Diego Unified Port Dist.*, 106 Cal. App. 4th 1219, 1242 (2003); *Nat'l Med. Trans. Network v.*

27   *Deloitte & Touche*, 62 Cal. App. 4th 412, 438-40 (1998); *J'Aire Corp. v. Gregory*, 24 Cal. 3d 799,

28   803-04 (1979). Again, where the alleged interference is with *prospective* economic relations, the

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

744399.01/SF

Case No. CV 08-3073-JSW
PLATT'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM

-11-

1  defendant's conduct must be "independently wrongful." *Tuchscher Dev. Enters., Inc.*, 106 Cal.

2  App. 4th at 1242; *Nat'l Med. Trans. Network*, 62 Cal. App. 4th at 438-40.

3      As noted, claims for interference with prospective economic relations (whether intentional

4  or negligent) require the plaintiff to plead that the defendant's conduct was "independently

5  wrongful" by some measure beyond the interference itself, meaning that the conduct must be

6  proscribed by a constitutional, statutory, regulatory, common law, or other determinable legal

7  standard and therefore independently actionable.  Here, TEG fails to plead this element even

8  nominally, let alone pleading any facts to support it.  The claims for intentional and negligent

9  interference with prospective economic relations therefore must be dismissed.  *Korea Supply Co.*,

10  29 Cal. 4th at 1159, 1164-66; *Della Penna*, 11 Cal. 4th at 392-93; *Tuchscher Dev. Enters., Inc.*,

11  106 Cal. App. 4th at 1242; *Nat'l Med. Trans. Network*, 62 Cal. App. 4th at 438-40.

12          **2.       The Tortious Interference Claims Cannot Be Based on Exhibit C.**

13      TEG seeks to base its interference claims on the alleged breaches of Exhibit C to the

14  purported agreement.  (Compl. ¶¶ 61 (incorporating Paragraphs 22-25), 73 (same), 82 (same), 84

15  (incorporating all prior allegations of Complaint).)  Yet for the reasons stated above in Parts

16  II.D.1-3, TEG does not have standing to assert claims based on the alleged breach of Exhibit C,

17  the allegations pertaining to Exhibit C are impermissibly vague, and Exhibit C is unenforceable.

18          **3.       The Tortious Interference Claims Are Impermissibly Vague.**

19      TEG's interference claims fail on the additional grounds that they are impermissibly vague

20  and Platt cannot reasonably be required to frame a response.  TEG's boilerplate Complaint does

21  little more than recite (some of) the elements of these claims.  (Compl. ¶¶ 59-90.)  Although TEG

22  makes generic assertions that it has "contractual relationships with numerous clients or customers"

23  (Compl.¶¶ 60, 68), and that "[TEG] and its clients or customers were in economic relationships"

24  (Compl.¶¶ 76, 85), TEG fails to offer any information regarding who these clients or customers

25  are, or the nature of these "contractual relationships" or "economic relationships."  As a result,

26  Platt is unable to discern whether TEG is actually pleading anything that might be actionable.

27  Similarly, Platt is unable to discern whether she "knew" of such relationships (Compl. ¶¶ 60, 68,

28  77, 86), what it is that TEG alleges she did to interfere with them (Compl. ¶¶ 62, 70, 79, 88), or

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

744399.01/SF

-12-

Case No.  CV 08-3073-JSW
PLATT'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM

1   whether TEG may have suffered damage as a result (Compl. ¶¶ 63-64, 71-72, 80-81, 89-90).

2   Under these circumstances, Platt cannot reasonably be expected to prepare a responsive pleading.

3       TEG's four claims for tortious interference must be dismissed.

4   **G.    The Unfair Business Practices Claim Must Be Dismissed Because TEG Fails to Plead Any Unlawful or Unfair Act, or Any Fraudulent Act with Particularity.**

5

6       The unfair business practices claim (Compl. ¶¶ 91-98) must be dismissed because it fails to

7   plead any "unlawful" or "unfair" act, and fails to plead any "fraudulent" act with particularity.

8                   **1.    TEG Fails to Plead Any "Unlawful" or "Unfair" Act.**

9       Section 17206 of the California Business and Professions Code establishes liability for any

10  person who has engaged in "unfair competition." Cal. Bus. & Prof. Code § 17206.  Section 17200

11  defines "unfair competition" to "mean and include any unlawful, unfair or fraudulent business act

12  or practice" and false advertising.[3] Cal. Bus. & Prof. Code § 17200.  An "unlawful" act is one that

13  actually violates some other law and is "borrowed" (i.e., made independently actionable) under

14  Section 17200.  *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180

15  (Cal. 1999).  An "unfair" act or practice under Section 17200 does not depend on "purely

16  subjective notions of fairness," but instead requires a determination that the act "offends an

17  established public policy or...is immoral, unethical, oppressive, unscrupulous or substantially

18  injurious to consumers." *Cel-Tech*, 20 Cal. 4th at 184-87 (internal quotation marks and citations

19  omitted).  Where, as here, the case does not involve a claim by a consumer against a company, but

20  instead involves a defendant who is allegedly competing with the plaintiff, an "unfair" act means

21  "an incipient violation of an antitrust law." *Cel-Tech*, 20 Cal. 4th at 187 ("When a plaintiff who

22  claims to have suffered injury from a direct competitor's 'unfair' act or practice invokes section

23  17200, the word 'unfair' in that section means conduct that threatens an incipient violation of an

24  antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable

25  to or the same as a violation of the law, or otherwise significantly threatens or harms

26  competition.").  A "safe harbor" exists for acts protected by statute. *Cel-Tech*, 20 Cal. 4th at 184.

27

28  _____

[3]    As TEG does not allege false advertising (Compl. ¶¶ 92-95), the following discussion only addresses the "unlawful, unfair, or fraudulent business act or practice" part of Section 17200.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

744399.01/SF

-13-

Case No.  CV 08-3073-JSW
PLATT'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM

1    In the present case, TEG bases its claim on the assertion that Platt solicited TEG's

2    customers, used TEG's "proprietary information" in violation of the purported agreement, and used

3    client lists in violation of the purported agreement or Section 16607[4] of the California Business

4    and Professions Code.  (Compl. ¶ 92.)  Yet, as noted above in Parts II.D.1-3, TEG does not have

5    standing to assert claims based on the alleged breach of Exhibit C (which addresses, among other

6    things, non-solicitation and "proprietary information"), the allegations pertaining to Exhibit C are

7    impermissibly vague, and Exhibit C is unenforceable because it violates public policy.  And as

8    noted below in Part II.H, TEG has not alleged a trade secret claim.  Moreover, nothing in TEG's

9    complaint suggests an "incipient violation of an antitrust law."  *Cel-Tech*, 20 Cal. 4th at 184.

10    TEG's unfair business practices claim fails given the absence of "unlawful" or "unfair" acts, and

11    Platt remains free under Section 16600 to pursue a livelihood that may fairly compete with TEG.

12              **2.     TEG Fails to Plead Any "Fraudulent" Act with Particularity.**

13    As discussed above in Parts II.A., II.B.1 and II.E, TEG needed to plead any claims based

14    on fraud with particularity.  Insofar as its unfair business practices claim is based on "fraudulent"

15    acts, TEG fails to plead with particularity.  There is no indication of what clients are at issue, and

16    TEG does not even plead any misrepresentations.  The claim must be dismissed under Rule 9(b).

17        **H.     The Misappropriation of Trade Secrets Claim Must Be Dismissed Because
              TEG Does Not Allege Any "Trade Secret."**

18

19    TEG's claim for misappropriation of trade secrets (¶¶ 99-108) fails because TEG does not

20    allege facts to indicate that its information constitutes a "trade secret."  A "trade secret" is

21    information that (1) "derives independent economic value...from not being generally known," and

22    (2) is the subject of reasonable efforts to maintain its secrecy.  Cal. Civ. Code § 3426.1(d);

23    *Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443, 1454 (2002).  Here, TEG alleges that its

24    "confidential and proprietary information" has "independent economic value" because (a) TEG

25    "has invested time, effort and money in developing" it, and (b) it "enable[s TEG] to provide its

26    clients or customers with services which are more effective, more efficient and financially

27

28    [4]    Section 16607 addresses the trade secret status of an "employment agency," which is defined
      in Section 1812.501(a) of the Civil Code to mean a company that is paid by jobseekers to help
      find employment.  TEG does not allege facts that would bring it within this definition.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

744399.01/SF

-14-

Case No.  CV 08-3073-JSW
PLATT'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM

1   attractive than its competitors' services."  (Compl. ¶ 101.)  TEG also alleges that it has made

2   reasonable efforts to keep its information confidential.  (Compl. ¶ 102.)

3       TEG fails to allege, however, that its information derives economic value *because* it is not

4   generally known.  Without such an allegation, its "confidential and proprietary information" is not

5   a "trade secret."  Cal. Civ. Code § 3426.1(d)(1); *Whyte*, 101 Cal. App. 4th at 1454 ("The test for

6   trade secrets is whether the matter sought to be protected is information (1) which is valuable

7   *because it is unknown to others* and (2) which the owner has attempted to keep secret." (emphasis

8   added)); *American Paper & Packaging Prod., Inc. v. Kirgan*, 183 Cal. App. 3d 1318, 1326 (1986);

9   *Metro Traffic Control, Inc.*, 22 Cal.App.4th at 863-64.  And this result is particularly sound here in

10  the employment context because defining a "trade secret" any more broadly than necessary runs

11  the substantial risk of creating a de facto covenant not to compete, which would be unenforceable

12  under Section 16600 of the Business and Professions Code.  *See supra* Part II.D.3.  In light of the

13  missing element of a "trade secret," TEG fails to state claim and under Rule 12(b)(6) and the cause

14  of action must be dismissed accordingly.

15          **I.      The Request for an Accounting Should Be Dismissed as Moot Because There
                       Is No Basis for Substantive Liability.**

16

17      TEG's request for an accounting (Compl. ¶¶ 109-115) should be dismissed because there is

18  no basis for liability against Platt (as discussed above), and thus no need for an accounting.

19  **III.   Conclusion**

20      For the foregoing reasons, Platt respectfully requests that the Court dismiss each of the

21  eleven claims asserted against her. Alternatively, Platt respectfully requests that the Court strike

22  inappropriate allegations from the Complaint, or order TEG to provide a more definite statement.

23

24  Dated:  August 8, 2008                     ALLEN MATKINS LECK GAMBLE
                                                MALLORY & NATSIS LLP
25                                              BALDWIN J. LEE
                                                MARK J. SEIFERT
26

27                                          By:  _____/s/_____
                                                MARK J. SEIFERT
28                                              Attorneys for Defendant
                                                Alexander Platt

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

744399.01/SF

Case No.  CV 08-3073-JSW
PLATT'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM

-15-

1  BALDWIN J. LEE (BAR NO. 187413)
   MARK J. SEIFERT (BAR NO. 217054)
2  ALLEN MATKINS LECK GAMBLE
     MALLORY & NATSIS LLP
3  Three Embarcadero Center, 12th Floor
   San Francisco, CA  94111-4074
4  Phone:  (415) 837-1515
   Fax:  (415) 837-1516
5  E-Mail:  blee@allenmatkins.com
             mseifert@allenmatkins.com
6
   Attorneys for Defendant
7  Alexander Platt

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11 TEG STAFFING, INC., a California          Case No. CV 08-3073-JSW
   corporation, dba PLATINUM LEGAL,
12                                           **DEFENDANT ALEXANDER PLATT'S
                  Plaintiff,                 REQUEST FOR JUDICIAL NOTICE IN
13                                           SUPPORT OF MOTION TO DISMISS**
            vs.
14                                           Date:    October 17, 2008
   D. ALEXANDER PLATT, an individual,        Time:    9:00 a.m.
15 SANDY COSTICK, an individual, JOHN        Ctrm:    2
   COSTICK, an individual, and DOES 1-25,    Judge:   Hon. Jeffrey S. White
16
                  Defendant.
17

18

19        Defendant Alexander Platt ("Platt") respectfully requests that the Court take judicial notice,

20 pursuant to Federal Rule of Evidence 201, of the following documents:

21        1.   Corporate status report of the Secretary of State of the State of California regarding

22 TEG Staffing, Inc., a true and correct copy of which is attached as Exhibit 1 to the Declaration of

23 Mark J. Seifert filed concurrently herewith.

24        2.   Corporate status report of the Secretary of State of the State of California regarding

25 //

26 //

27 //

28 //

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

744494.01/SF

                                                      Case No.  CV 08-3073-JSW
                                        PLATT'S REQUEST FOR JUDICIAL NOTICE
                                            IN SUPPORT OF MOTION TO DISMISS

1   Eplica, Inc., a true and correct copy of which is attached as Exhibit 2 to the Declaration of Mark J.

2   Seifert filed concurrently herewith.

3

4   Dated:  August 8, 2008                    ALLEN MATKINS LECK GAMBLE
                                                 MALLORY & NATSIS LLP
5                                             BALDWIN J. LEE
                                              MARK J. SEIFERT
6

7                                             By:  _____/s/_____
                                                   MARK J. SEIFERT
8                                                  Attorneys for Defendant
                                                   Alexander Platt
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

744494.01/SF

Case No.  CV 08-3073-JSW
PLATT'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF MOTION TO DISMISS

-2-

1   BALDWIN J. LEE (BAR NO. 187413)
    MARK J. SEIFERT (BAR NO. 217054)
2   ALLEN MATKINS LECK GAMBLE
       MALLORY & NATSIS LLP
3   Three Embarcadero Center, 12th Floor
    San Francisco, CA  94111-4074
4   Phone:  (415) 837-1515
    Fax: (415) 837-1516
5   E-Mail:  blee@allenmatkins.com
              mseifert@allenmatkins.com
6
    Attorneys for Defendant
7   Alexander Platt

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11  TEG STAFFING, INC., a California          Case No. CV 08-3073-JSW
    corporation, dba PLATINUM LEGAL,
12                                            **DECLARATION OF MARK J. SEIFERT
               Plaintiff,                     IN SUPPORT OF
13                                            DEFENDANT ALEXANDER PLATT'S
            vs.                               MOTION TO DISMISS**
14
    D. ALEXANDER PLATT, an individual,        Date:   October 17, 2008
15  SANDY COSTICK, an individual, JOHN        Time:   9:00 a.m.
    COSTICK, an individual, and DOES 1-25,    Ctrm:   2
16                                            Judge:  Hon. Jeffrey S. White
               Defendant.
17

18

19          1.   I am a senior counsel with the law firm of Allen Matkins Leck Gamble Mallory &

20  Natsis LLP and counsel for Alexander Platt, a defendant in the above-captioned case.  I am a

21  member in good standing of the State Bar of California and am admitted to practice before this

22  Court.  I have personal knowledge of the facts set forth herein, and if called upon to testify, I could

23  and would testify competently thereto.

24          2.   On August 4, 2008, I obtained a corporate status report for "TEG Staffing, Inc."

25  from the website maintained by the Secretary of State of the State of California.  A true and

26  correct copy of this report is attached hereto as Exhibit 1.

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**
744502.01/SF

1        3.  On August 4, 2008, I obtained a corporate status report for "Eplica, Inc." from the

2    website maintained by the Secretary of State of the State of California.  A true and correct copy of

3    this report is attached hereto as Exhibit 2.

4        I declare under penalty of perjury of perjury that the foregoing is true and correct.

5        Executed this 8th day of August, 2008, at San Francisco, California.

6

7                     _____
                            */s/*

8                     MARK J. SEIFERT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

744502.01/SF

-2-

Case No.  CV 08-3073-JSW
DECLARATION OF MARK J. SEIFERT IN
SUPPORT OF PLATT'S MOTION TO DISMISS



**DISCLAIMER:** The information displayed here is current as of AUG 01, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| TEG STAFFING, INC. | | |
| **Number:** C2299653 | **Date Filed:** 12/9/2003 | **Status:** active |
| **Jurisdiction:** California | | |
| Address | | |
| 5650 EL CAMINO REAL #101 | | |
| CARLSBAD, CA 92008 | | |
| Agent for Service of Process | | |
| C T CORPORATION SYSTEM | | |
| 818 WEST SEVENTH ST | | |
| LOS ANGELES, CA 90017 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.



**DISCLAIMER:** The information displayed here is current as of AUG 01, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| EPLICA, INC. | | |
| **Number:** C0653742 | **Date Filed:** 6/15/1972 | **Status:** active |
| **Jurisdiction:** California | | |
| Address | | |
| 2375 NORTHSIDE DRIVE #360 | | |
| SAN DIEGO, CA 92108 | | |
| Agent for Service of Process | | |
| C T CORPORATION SYSTEM | | |
| 818 WEST SEVENTH ST | | |
| LOS ANGELES, CA 90017 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

1   BALDWIN J. LEE (BAR NO. 187413)
    MARK J. SEIFERT (BAR NO. 217054)
2   ALLEN MATKINS LECK GAMBLE
       MALLORY & NATSIS LLP
3   Three Embarcadero Center, 12th Floor
    San Francisco, CA  94111-4074
4   Phone:  (415) 837-1515
    Fax:  (415) 837-1516
5   E-Mail:  blee@allenmatkins.com
             mseifert@allenmatkins.com
6
    Attorneys for Defendant
7   Alexander Platt

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11  TEG STAFFING, INC., a California          Case No. CV 08-3073-JSW
    corporation, dba PLATINUM LEGAL,
12                                            [PROPOSED] ORDER GRANTING
               Plaintiff,                     DEFENDANT ALEXANDER PLATT'S
13                                            MOTION TO DISMISS
               vs.
14                                            Date:   October 17, 2008
    D. ALEXANDER PLATT, an individual,        Time:   9:00 a.m.
15  SANDY COSTICK, an individual, JOHN        Ctrm:   2
    COSTICK, an individual, and DOES 1-25,    Judge:  Hon. Jeffrey S. White
16
               Defendant.
17

18

19      The motion of Defendant Alexander Platt ("Platt") to dismiss the Complaint came on for

20  hearing before this Court on October 17, 2008.  Platt and Plaintiff TEG Staffing, Inc. ("TEG")

21  were each represented by counsel at the hearing.  After consideration of the pleadings filed by the

22  parties, argument of counsel, and all other matters presented to the Court, it is hereby ordered that

23  the motion is GRANTED in its entirety and the Complaint is DISMISSED.

24      TEG's claims for RICO violations and fraud, and its other claims insofar as they include

25  allegations of fraud, fail to plead fraud with particularity.  The RICO claim also fails to plead facts

26  showing proximate causation.

27      TEG's breach of contract claim fails for lack of standing insofar as the claim is based on

28  any breach of Exhibit C to the alleged employment agreement as TEG does not have standing to

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

744527.01/SF

Case No.  CV 08-3073-JSW
[PROPOSED] ORDER GRANTING PLATT'S
MOTION TO DISMISS

1  assert any claims on behalf of Eplica, Inc.  TEG's other claims, insofar as they are based on

2  Exhibit C, similarly fail.  The breach of contract claim fails to the extent it is based on breaches of

3  the non-disclosure and non-solicitation provisions, which are void as against public policy.  The

4  punitive damages claim is STRICKEN because punitive damages are not available for TEG's

5  breach of contract claim.  The remaining allegations of the breach of contract claim fail because

6  they are impermissibly vague.

7      TEG's conversion claim fails to state a claim because it fails to plead the amount of funds

8  allegedly converted.

9      TEG's four claims for tortious interference fail as they are based on a breach of Exhibit C,

10  and otherwise are impermissibly vague.  In addition, the claims for intentional and negligent

11  interference with prospective economic relations fail to state a claim because they fail to plead the

12  element of independent wrongfulness.

13      TEG's unfair business practices claim fails to state a claim because it fails to plead any

14  cognizable unlawful or unfair act, and fails to plead any fraudulent act with particularity.

15      TEG's trade secrets claim fails because the information at issue is not alleged to derive

16  economic value from being unknown.

17      TEG's request for an accounting is moot because there is no substantive basis for liability

18  against Platt in light of the dismissal of the preceding remaining claims.

19      IT IS SO ORDERED.

20

21  Dated: _____

22                                                                    _____
                                                                      JEFFREY S. WHITE
                                                                      United States District Judge

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

744527.01/SF

-2-

Case No.  CV 08-3073-JSW
[PROPOSED] ORDER GRANTING PLATT'S
MOTION TO DISMISS