RICHARD T. WHITE #58622
MARK A. DELGADO #215618
FITZGERALD ABBOTT & BEARDSLEY LLP
1221 Broadway, 21st Floor
Oakland, California 94612
Telephone: (510) 451-3300
Facsimile: (510) 451-1527
Email: rwhite@fablaw.com
       mdelgado@fablaw.com

Attorneys for Defendants
SAUNDRA COSTICK
(erroneously sued as SANDY COSTICK)
and JOHN COSTICK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| TEG STAFFING, INC., a California Corporation, dba PLATINUM LEGAL<br><br>Plaintiff,<br><br>vs.<br><br>D. ALEXANDER PLATT, an individual, SANDY COSTICK, an individual, and JOHN COSTICK, an individual; and DOES 1-25<br><br>Defendant | Case No.: 08-cv-3073-JSW<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS SAUNDRA COSTICK AND JOHN COSTICK TO DISMISS COMPLAINT BASED ON LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**<br><br>Date: October 17, 2008<br>Time: 9:00 a.m.<br>Dept.: Courtroom 2, 17th Floor<br>Before: Honorable Jeffrey S. White |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. LEGAL ARGUMENT ...................................................................................................... 1

    A. The Court Need Not Accept As True the Conclusory Allegations, Conclusions of Law, Unreasonable Inferences, and Unwarranted Deductions of Fact in the Complaint. ................................................................. 1

    B. Plaintiff Fails to Make a Prima Facie Showing of Personal Jurisdiction Over the Costicks. ............................................................................................... 3

        1. Plaintiff Has Failed to Make a Prima Facie Showing of Jurisdiction Under RICO............................................................................. 3

            (a) Plaintiff Has Not Plead a Nationwide Conspiracy Amongst Defendants. ................................................................................ 4

            (b) Plaintiff Cannot Meet Its Prima Facie Burden of Proving that There is No Other District In Which a Court Will Have Personal Jurisdiction Over All Defendants......................... 5

        2. Plaintiff Has Not Met Its Burden to Show the Court Has Specific Jurisdiction Over the Costicks. ............................................................... 6

            (a) Plaintiff Has Failed to Show that the Costicks Purposefully Availed Themselves of the Privileges of this Forum. .................. 6

            (b) The Exercise Of Jurisdiction Over Mr. and Mrs. Costick Would Be Unreasonable. ........................................................... 9

    C. Plaintiff Has Failed to Make a Prima Facie Showing of Proper Venue............. 11

III. CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

**Page**

**Cases**

Alperin v. Vatican Bank
    410 F.3d 532 (9th Cir. 2005)......................................................................................... 1

Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.
    223 F.3d 1082 (9th Cir. 2000)............................................................................... 6, 7, 11

Baumer v. Pachl
    8 F.3d 1341 (9th Cir. 1993)........................................................................................... 4

Burger King Corp. v. Rudzewicz
    471 U.S. 462 (1985)..................................................................................................... 10

Butcher's Union Local No. 498 v. SDC Inv., Inc.
    788 F.2d 535 (9th Cir. 1986)................................................................................. 3, 4, 5

Calder v. Jones
    465 U.S. 783 (1984)....................................................................................................... 6

Calloway Golf Corp. v. Royal Canadian Golf Ass'n
    125 F.Supp.2d 1194 (C.D. Cal. 2000) .......................................................................... 7

Core-Vent Corp. v. Nobel Industries
    11 F.3d 1482 (9th Cir. 1993)................................................................................... 7, 10

Cybersell, Inc. v. Cybersell, Inc.
    130 F.3d 414 (9th Cir. 1997).......................................................................................... 6

Data Disc, Inc. v. Systems Technology Assocs., Inc.
    557 F.2d 1280 (9th Cir. 1997)....................................................................................... 3

Dever v. Hetzen Coastings, Inc.
    380 F.3d 1070 (8th Cir. 2004)....................................................................................... 7

Doe v. Unocal Corp.
    27 F.Supp.2d 1174 (C.D. Cal. 1998)............................................................................. 5

General Steel Domestic Sales, LLC v. Suthers
    2007 WL 2972888 (C.D. Cal. 2007)............................................................................. 4

GTE New Media Servs. Inc. v. BellSouth Corp.
    199 F.3d 1343 (D.D.C. 2000) ....................................................................................... 8

Gutierrez v. Givens
    989 F.Supp. 1033 (S.D. Cal. 1997).............................................................................. 6

Insurance Co. of North America v. Marina Salina
  649 F.2d 1266 (9th Cir. 1981) .............................................................................. 10

Kirsch v. Cuadra
  2005 WL 2677026 (N.D. Cal. 2006) ................................................................ 7, 8

Medinah Mining, Inc. v. Amunategui
  237 F.Supp.2d 1132 (D.Nev. 2002) ........................................................................ 7

Murphy v. Schneider National Inc.
  362. F.3d 1133 (9th Cir. 2004) ............................................................................. 11

Panavision Int'l v. Toeppen
  141 F.3d 1316 (9th Cir. 1998) ................................................................................. 6

Papasan v. Allain
  478 U.S. 265 (1986) ................................................................................................ 1

Peterson v. Kennedy
  771 F.2d 1244 (9th Cir. 1985) ................................................................................. 9

Phillips v. Worldwide Internet Solutions
  2006 WL 1709189 (N.D. Cal. 2007) .................................................................... 10

Pyle v. Hatley
  239 F.Supp.2d 970 (C.D. Cal. 2002) ....................................................................... 5

Roth v. Garcia Marquez
  942 F.2d 617 (9th Cir. 1991) ................................................................................... 9

Salinas v. United States
  522 U.S. 52 (1997) .................................................................................................. 4

Schwarzenegger v. Fred Martin Motor Co.
  374 F.3d 797 (9th Cir. 2004) ................................................................................... 7

Spacey v. Burgar
  207 F.Supp.2d 1037 (C.D. Cal. 2001) ................................................................. 7, 8

Swartz v. KPMG LLP
  476 F.3d 756 (9th Cir. 2007) ................................................................................... 1

United States v. Fernandez
  388 F.3d 1199 (9th Cir. 2004) ................................................................................. 4

Western Mining Council v. Watt
  643 F.2d 618 (9th Cir. 1981) ................................................................................... 2

iii
REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS / CASE NO.: 08-CV-3073-JSW
8/12/08 (25540) #314151.1

**Other Authorities**

18 USC § 1391(b)(2) .................................................................................................................. 11

Federal Rules of Civil Procedure
      Rule 8(a)(1) ........................................................................................................... 3
      Rule 12(b)(2) ....................................................................................................... 12
      Rule 12(b)(3) ....................................................................................................... 12

I.    **INTRODUCTION**

Plaintiff TEG Staffing ("TEG" or "Plaintiff") does not directly controvert the overwhelming evidence that the Costicks have virtually no ties to the state of California, much less the sufficient minimum contacts needed for California to assert jurisdiction consistent with the due process clause.  Instead, Plaintiff has rested its claims of personal jurisdiction and venue on the vague, conclusory allegations and conclusions of law asserted in its Complaint.

As their sworn declarations indisputably prove, Mr. and Mrs. Costick are New Mexico residents without the requisite "minimum contacts" in California.  Their only connection to the state is that their daughter Alexander Platt occasionally does some work here.  Most importantly, for purposes of this motion, they do not transact any business with or in the State. Plaintiff's attempts to intimidate the Costicks and Defendant Platt by roping her parents into a lawsuit in a state with which they have no connection defies the notions of fair play and substantial justice.  Accordingly, the case against the Costicks should be dismissed.

II.    **LEGAL ARGUMENT**

   A.    **The Court Need Not Accept As True the Conclusory Allegations, Conclusions of Law, Unreasonable Inferences, and Unwarranted Deductions of Fact in the Complaint.**

Throughout its Opposition to Defendant Saundra Costick and Defendant John Costick's Motion to Dismiss ("Opposition"), Plaintiff makes much of the fact that the Court must assume as true any uncontroverted allegations in the Complaint.  (Opposition 1:27-28; 2:27-28; 3:10-12.)  What Plaintiff conveniently fails to mention is that only the uncontroverted well-pled facts in Plaintiff's complaint must be accepted as true; conclusions of law, conclusory allegations, unreasonable inferences, or unwarranted deductions of fact need not be accepted.  See Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  Swartz v. KPMG LLP, 476 F.3d 756 (9th Cir. 2007) ("…mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden.") (citing Alperin v. Vatican Bank, 410 F.3d 532, 539 n. 1 (9th Cir. 2005); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) ("[The Court] do[es] not necessarily

1 assume the truth of legal conclusions merely because they are cast in the form of factual
2 allegations.")

3 The Opposition references twenty-two purportedly "uncontroverted allegations" lifted
4 from the Complaint that, according to Plaintiff, the Court must assume to be true.  (Opposition
5 2:13-4:14.)  Careful examination of these allegations, however, reveals that at least fourteen
6 (Paragraphs 11, 12, 13, 27, 28, 29, 30, 31, 36, 38, 39, 40, and 41) are legal conclusions, not
7 factual allegations.  (See Opposition 2:13-4:14; see also Complaint 3:5-16; 5:28-7:19.)  Several
8 others (Nos. 1, 2, and 37) are nothing more than conclusory statements—without predicate
9 facts—that have nothing to do with the Costicks.  (Complaint 1:22-2:1; 7:11-12.)

10 The Costicks either readily admit or have directly contradicted the remaining allegations.
11 Specifically, the Costicks admit Paragraphs 3 and 4 (Opposition 2:18-22) that allege they are
12 both individuals residing in New Mexico.  (See Complaint 2:2-5.)

13 Paragraphs 23 and 24 of the Complaint (see Opposition 3:6-16) allege generally that
14 Plaintiff is "informed and believes" that Defendants "engaged in utilizing the telephone or other
15 means of wire and radio to communicate interstate to set-up and open accounts in various states,
16 which may include California, Arizona, and New Mexico" and to discuss "the utilization of a
17 mailing address in New Mexico for the receipt of funds misappropriated from Plaintiff."
18 (Complaint 5:9-18.)  Paragraph 25 alleges that Plaintiff "is informed and believes
19 Defendants…engaged the use of Postal Service or other private or commercial interstate carrier
20 to send or caused to send the funds interstate from California to a personal address in New
21 Mexico and possibly other states."  (Opposition 3: 12-24; Complaint 5:19-22.)

22 These allegations fall far short of the type of well-pled, non-conclusory allegations
23 required to survive a motion to dismiss.  Plaintiff alleges this Court should find jurisdiction over
24 two New Mexico residents based on its "information and belief'" that the Costicks <u>may</u> have set
25 up "accounts" in various western states and because mail <u>may</u> have been sent to their house in
26 New Mexico.  Even if the Court assumes these facts as true—which it clearly should not—none
27 of these conclusory allegations tie the Costicks to Plaintiff.  (Complaint 5:19-22.)

28 <u>More importantly, the Costicks' declarations directly refute these allegations.</u>  Both Mr.

and Mrs. Costick specifically state that, other than the fact that their daughter occasionally performs work in the state, they have "no ties whatsoever to California." (John Costick Decl. ¶5; Saundra Costick Decl. ¶5.) More specifically, the Costicks unequivocally affirm that they do not conduct any kind of business in or with the state. (Id.) This testimony directly belies Plaintiffs' claim that the Costicks have "engaged" in California-related activities. It is well-recognized that the Court cannot assume the truth of allegations in a pleading that is contradicted by sworn affidavit. Data Disc, Inc. v. Systems Technology Assocs., Inc. 557 F.2d 1280, 1289, fn.5 (9th Cir. 1997). This is particularly true when, as here, those allegations are based upon "information and belief" and are being directed at "defendants" in general. Thus, plaintiff's ""information and belief" allegations, when directly controverted by the Costicks's sworn declarations, are insufficient to establish personal jurisdiction.

### B. Plaintiff Fails to Make a Prima Facie Showing of Personal Jurisdiction Over the Costicks.

#### 1. Plaintiff Has Failed to Make a Prima Facie Showing of Jurisdiction Under RICO.

In its Opposition, Plaintiff alleges <u>for the first time</u>[1] that personal jurisdiction over the Costicks is proper pursuant to the limited provisions for nationwide service of process in the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1965(b), which provides that in a civil action under RICO:

> in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

The purpose of the "ends of justice" provision is "to enable plaintiffs to bring all members of a nationwide RICO conspiracy before a court in a single trial." Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535, 539 (9th Cir. 1986). "The right to nationwide service in RICO suits is not unlimited," however, and the act of "merely naming persons in a RICO complaint does not, in itself, make them subject to section 1965(b)'s nationwide service

---

[1] Contrary to the Federal Rules of Civil Procedure, the Complaint fails even to mention the RICO statutory provisions as a basis for personal jurisdiction. Fed. Rules. Civ. Proc. 8(a)(1).

3
REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS / CASE NO.: 08-CV-3073-JSW
8/12/08 (25540) #314151.1

1  provisions." General Steel Domestic Sales, LLC v. Suthers, 2007 WL 2972888 (C.D. Cal.

2  2007)  In order to demonstrate that a Court has jurisdiction over defendants under section

3  1965(b), the plaintiff must establish (1) that it has sufficiently alleged a multidistrict conspiracy

4  that encompasses the defendants; (2) that the court has personal jurisdiction over at least one of

5  the participants in the alleged multidistrict conspiracy; and (3) that there is no other district in

6  which a court will have personal jurisdiction over all of the alleged co-conspirators.  Butchers

7  Union, 788 F.2d at 539.  Plaintiff has failed to meet at least two of the three predicate criteria.

        **(a)    Plaintiff Has Not Plead a Nationwide Conspiracy Amongst Defendants.**

10      In order to plead the existence of a nationwide conspiracy among Defendants, both the

11  Ninth Circuit and the Supreme Court have required that a plaintiff make a showing that the

12  defendant intended to enter into an agreement or that the defendant had knowledge of the

13  essential nature of the conspiracy.  A plaintiff must allege facts showing that the "conspirator[s]

14  ... intend[ed] to further an endeavor which, if completed, would satisfy all of the elements of a

15  substantive criminal offense, but it suffices that [the conspirators] adopt[ed] the goal of

16  furthering or facilitating the criminal endeavor."  Salinas v. United States, 522 U.S. 52, 65-66,

17  (1997).  Additionally, the Ninth Circuit has required that a defendant must also have been

18  "aware of the essential nature and scope of the enterprise and intended to participate in it."

19  Baumer v. Pachl, 8 F.3d 1341, 1346 (9th Cir. 1993).  Moreover, the evidence must show that the

20  defendant "knowingly agree[d] to facilitate a scheme which includes the operation or

21  management of a RICO enterprise."  United States v. Fernandez, 388 F.3d 1199 (9th Cir. 2004).

22      Here, Plaintiff has utterly failed to plead any facts that Mr. and Mrs. Costick were in any

23  way involved in a nationwide conspiracy.  Indeed, as Plaintiff readily admits (see Opposition

24  2:8), the Complaint fails to even mention the word "conspiracy."  Instead, Plaintiff blithely

25  asserts in conclusory fashion that it has properly plead a nationwide conspiracy because Platt is

26  a resident of California, the Costicks are residents of New Mexico, and because Defendants

27  "engaged in a scheme and artifice to defraud plaintiff."  (Opposition 5:22-25.)

28      These "bare bones" conclusory, legal allegations are plainly insufficient to assert

4

personal jurisdiction over the Costicks under RICO. There are no allegations, for example, that the Costicks intended to enter into an agreement or that they had knowledge of the essential nature of any alleged conspiracy. The allegation that the Costicks owned the home to which their daughter's mail was sent certainly does not indicate that they entered into an agreement to defraud TEG or had knowledge of an alleged conspiracy. Even assuming Ms. Platt was inappropriately sending funds to her New Mexico address—which she was not—there are no alleged facts demonstrating that the Costicks had any knowledge of this purported fact. Finally, even if Plaintiff had made even general allegations of conspiracy—which it has not—such allegations would be insufficient to establish personal jurisdiction over Defendants. See Pyle v. Hatley, 239 F.Supp.2d 970, 979-980 (C.D. Cal. 2002). Plaintiff's allegations that personal jurisdiction is proper under RICO are clearly a sham.

### (b) Plaintiff Cannot Meet Its Prima Facie Burden of Proving that There is No Other District In Which a Court Will Have Personal Jurisdiction Over All Defendants.

Even if the court were to consider the Costicks and Ms. Platt co-conspirators under RICO, it should conclude that Plaintiff has failed to satisfy the Butcher's Union requirements. "For nationwide service to be imposed under section 1965(b),...the plaintiff must show that *there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators*." Butchers Union, 788 F.2d at 539 (emphasis added).

Although admitting that "the only other conceivable district that could house all defendants would be District Court in New Mexico," (Opposition 6:16-18) Plaintiff contends, without support, that there is no other district that will have jurisdiction over all defendants. Apart from this conclusory assertion, Plaintiff proffers no evidence that Platt would not be subject to jurisdiction in New Mexico. Absent such a showing, Plaintiff "cannot meet the test set forth in Butcher's Union." Doe v. Unocal Corp. 27 F.Supp.2d 1174, 1182 (C.D. Cal. 1998) (to assert personal jurisdiction under RICO, Plaintiff must affirmatively allege that there is no other district in which a court will have personal jurisdiction over all of the alleged coconspirators); Gutierrez v. Givens, 989 F.Supp. 1033, 1038 (S.D. Cal. 1997) ("Plaintiffs have not

5

demonstrated that no other district exists in which all Defendants would be subject to jurisdiction.")  Consequently, Plaintiff has not established that it is appropriate to exercise personal jurisdiction over the Costicks under § 1965(b).

### 2. Plaintiff Has Not Met Its Burden to Show the Court Has Specific Jurisdiction Over the Costicks.

Plaintiff does not contend that there is general jurisdiction here.  With respect to special or limited jurisdiction, as outlined in both the moving papers and in Plaintiff's Opposition, for specific jurisdiction to be proper, "(1) [t]he nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable."  Panavision Int'l v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).

#### (a) Plaintiff Has Failed to Show that the Costicks Purposefully Availed Themselves of the Privileges of this Forum.

The first requirement under the three-part test is the most critical.  Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 416 (9th Cir. 1997).  Plaintiff contends this requirement is satisfied under the Ninth Circuit's usage of the "effects test" formulated by the U.S. Supreme Court in Calder v. Jones, 465 U.S. 783 (1984).  Plaintiff is wrong.

The Calder effects test requires that the defendant "(1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." Id. at 1087.  With respect to the second factor, the Ninth Circuit holds that "expressly aimed" means "when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state."  Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1087 (9th Cir. 2000).  The Ninth Circuit has cautioned, however, that any foreign act with foreseeable effects in the forum state does not always give rise to personal jurisdiction.  Bancroft, 223 F.2d at 1087; see also Schwarzenegger v. Fred Martin Motor Co.,

1  374 F.3d 797, 804-5 (9th Cir. 2004). "Instead, ...'something more' is required to establish that
2  the defendant expressly aimed its conduct at the forum." Medinah Mining, Inc. v. Amunategui,
3  237 F.Supp.2d 1132, 1137 (D.Nev. 2002).  In order for the "express aiming" element of the
4  effects test to be satisfied, the Defendant *must know* that the plaintiff is a resident of the forum
5  state and that the harm resulting from the intentional act will be suffered in the forum state.
6  Bancroft, 223 F.2d at 1087; Medinah Mining, 237 F.Supp.2d at 1137; see also Calloway Golf
7  Corp. v. Royal Canadian Golf Ass'n, 125 F.Supp.2d 1194, 1200-1 (C.D.Cal. 2000).  Courts have
8  applied the "effects test" cautiously, particularly when, as here, a defendant's contacts with a
9  forum state are extremely remote.  Core-Vent Corp. v. Nobel Industries, 11 F.3d 1482 (9th Cir.
10 1993).
11        Assuming as true the well-pled, uncontroverted factual allegations in the Complaint,
12 Plaintiff has failed to allege the necessary facts to satisfy the "effects test."  First, as discussed
13 more fully above, Plaintiff makes no allegations as to the Costicks' conduct specifically.  Rather,
14 Plaintiff maintains that the defendants, generally, violated RICO by allegedly (1) "utilizing the
15 telephone or other means of wire or radio to set-up and open accounts in various states;" (2)
16 "utilizing the telephone or other means of wire or radio to communicate interstate regarding the
17 utilization of a mailing address in New Mexico;" and (3) using the "Postal Service or other
18 private or commercial interstate carrier to send or caused to send the funds interstate fro
19 California to a personal address in New Mexico." (Opposition 3:6-14; see also Plaintiff's
20 Complaint 5:9-22.)  These "conclusory statements" are "insufficient to sustain a finding that
21 Defendant[s] [] either purposefully availed [themselves] of the privilege of conducting activities
22 in California, or committed an intentional act aimed at California." Kirsch v. Cuadra, 2005 WL
23 2677026, *7 (N.D. Cal. 2006).  See Dever v. Hetzen Coastings, Inc., 380 F.3d 1070, 1074 (8th
24 Cir. 2004) (conclusory allegations in complaint are insufficient to establish minimum contacts);
25 see also Spacey v. Burgar, 207 F.Supp.2d 1037, 1049 (C.D. Cal. 2001) ("conclusory statements
26 are not enough to satisfy a prima facie showing of jurisdiction without supporting evidence
27 contained in the record") citing GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343,
28 1349 (D.D.C. 2000).  As the Court noted in Spacey v. Burgar, "to assume or infer the existence

1  of 'effects' sufficient to give rise to jurisdiction on the basis of conclusory assertions to that end

2  'would be to assume or infer the answer to the very question that is before us.'"  Id. citing GTE

3  New Media Servs. Inc. v. BellSouth Corp. supra.

4    This Court's ruling in Kirsch v. Cuadra, 2005 WL 2677026, *7 (N.D. Cal. 2006) is

5  instructive.  In Kirsch, Plaintiff alleged that defendants, including defendant Ross, violated the

6  federal Telephone Consumer Protection Act by sending 18 unsolicited advertisements to

7  Plaintiff's facsimile line in California.  The allegation that defendants (including Ross) sent the

8  faxes was the only allegation in the plaintiff's complaint that tied Ross, a Florida resident, to

9  California.  In granting Ross' motion to dismiss for lack of personal jurisdiction, Judge Jenkins

10  explained:

> Starting with Plaintiff's Complaint…, Plaintiff has not made any allegations as to Defendant Ross's conduct, specifically.  Rather, Plaintiff alleges that the *defendants, generally,* violated the FTCPA by sending 18 faxes to him containing unsolicited advertisements. These *conclusory statements*, while adequate to state a claim under Rule 8(a), are insufficient to sustain a finding that Defendant Ross either purposefully availed himself of the privilege of conducting activities in California, or committed an intentional act aimed at California.
>
> …
>
> Although Plaintiff has set forth a detailed account of the purported events underlying his lawsuit, Plaintiff nevertheless *fails to identify any conduct by Defendant Ross* that would support a finding that Defendant Ross had the requisite minimum contacts with California.  At most, Plaintiff has alleged that Defendant Ross represents certain people and entities who Plaintiff claims were responsible for the faxes he received.  However, none of the people or entities are defendants in this action.  Furthermore, the Court fails to see how Defendant Ross's legal representation of Florida clients, in Florida, demonstrates an intent to avail himself of the privilege of conducting business in California, or amounts to an intentional act directed at California.

23  Kirsch v. Cuadra, 2005 WL 2677026, *7 (emphasis added).

24    Here, as in Kirsch, Plaintiff has failed to allege any specific acts intentionally committed

25  by the Costicks and instead alleges generally and in conclusory fashion that all Defendants used

26  the telephone to set up accounts in various states (which "may" include California) and used the

27  postal service to send mail *to New Mexico*—not *to California*. (see Plaintiff's Complaint 5:9-

28  22.)  These facts are directly disputed by the Costicks who aver that they have no ties to

1  California, conduct no business in the state, and have collectively been to the state only three
2  times in the past twelve years.  (Saundra Costick Decl. ¶¶ 2-6; John Costick Decl ¶¶ 2-6.)  At
3  most, Plaintiff's uncontroverted, well-pled factual allegations state nothing more than that the
4  Costicks live in New Mexico and that their daughter's mail was sent to their home.  The mere
5  allegation that mail was sent to the Costicks' home in New Mexico cannot suffice to prove an
6  intent to avail themselves of the privilege of conducting business in California.  Nor does it
7  amount to an intentional act *directed at* the State.  Roth v. Garcia Marquez, 942 F.2d 617, 622
8  (9th Cir. 1991) ("[b]oth this court and the courts of California have concluded that ordinarily
9  'use of the mails, telephone, or other international communications simply do not qualify as
10  purposeful activity invoking the benefits and protection of the [forum] state.'") (quoting
11  Peterson v. Kennedy, 771 F.2d 1244, 1262 (9th Cir. 1985) (citations omitted).  Plaintiff's failure
12  even to allege properly an intentional act defeats its claim of specific personal jurisdiction.

13  Plaintiff's claim of specific jurisdiction fails for yet another reason:  there is no allegation
14  in the Complaint that the Costicks knew that Plaintiff was a resident of California.  Instead,
15  Plaintiff assumes in its Opposition, without any factual support, that the Costicks must have
16  known that harm to plaintiff "would be suffered in the forum since plaintiff is a California
17  corporation doing business in the State of California."  (Opposition 8:4-6.)  However, there is no
18  allegation that the Costicks knew TEG was a California corporation or that it did business in the
19  state.  Plaintiff's assumptions—without more—cannot suffice to unreasonably and unfairly hale
20  the Costicks into California.

21  In the face of the Costicks' uncontroverted declarations, which unequivocally
22  demonstrate that they have "no ties" to California, Plaintiff cannot prove that they have in any
23  way purposefully availed themselves of the privileges of this state.  Accordingly, Plaintiff's
24  claim of personal jurisdiction fails.

25     **(b) The Exercise Of Jurisdiction Over Mr. and Mrs. Costick Would Be Unreasonable.**
26

27  Even if Plaintiff could establish the first two prongs of the personal jurisdiction test
28  (which it cannot), this action must still be dismissed because the exercise of jurisdiction over

9

REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS / CASE NO.: 08-CV-3073-JSW
8/12/08 (25540) #314151.1

1  Mr. and Mrs. Costick would be unreasonable[2] and would not "comport with 'fair play and
2  substantial justice.'"  Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1487-1488 (9th
3  Cir. 1993), citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-77, 105 (1985).
4  Furthermore, "jurisdictional rules may not be employed in such a way as to make litigation 'so
5  gravely difficult and inconvenient' that a party unfairly is at a 'severe disadvantage in
6  comparison to his opponent.'"  Id. (citations omitted).

7  In determining whether the exercise of jurisdiction over a nonresident defendant
8  comports with "fair play and substantial justice," the Court must consider seven factors: (1) the
9  extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on
10 the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the
11 defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient
12 judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in
13 convenient and effective relief; and (7) the existence of an alternative forum.  Id.  None of the
14 factors is dispositive in itself; instead, the Court must balance all seven.  Id.  However, the
15 smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the
16 less reasonable is its exercise.  Insurance Co. of North America v. Marina Salina, 649 F.2d
17 1266, 1271 (9th Cir. 1981) (finding that "minimal" contact by defendant in forum state was key
18 factor in determining unreasonableness of exercising personal jurisdiction).

19 Here, the balance of factors weighs heavily in favor of the Costicks.  Assuming as true
20 the uncontroverted, well-pled factual allegations in the Complaint, the Costicks have not
21 purposefully interjected themselves into California; the burden on defending in California is
22 high; and federal court in New Mexico is likely an available alternative forum. The remaining
23 factors are, at best, neutral, as New Mexico has just as much an interest in adjudicating this
24 dispute and would be just as efficient in judicially resolving this controversy.  Taken together,

---

[2] Plaintiff's claim that the Costicks have "waived" the reasonableness argument is both factually and legally specious.  First, as Plaintiff correctly notes, the Costicks did raise the issue of reasonableness in their moving papers.  Second, even if the Costicks had failed to specifically discuss the issue at length in their motion, the "reasonableness" of asserting personal jurisdiction over the Costicks "is a factor that the Court must consider." Phillips v. Worldwide Internet Solutions, 2006 WL 1709189 *7 (N.D. Cal. 2007) ("while neither party has squarely addressed the "reasonableness" of asserting personal jurisdiction over [Defendant] in this forum in great detail, it is a factor that the Court must consider.")

these factors outweigh Plaintiff's interest in convenient and effective relief, and so the exercise of jurisdiction by a California district court is unreasonable.

### C. Plaintiff Has Failed to Make a Prima Facie Showing of Proper Venue.

In responding to Defendant's motion to dismiss for improper venue, Plaintiff simply reasserts the same conclusory allegations made in the Complaint and then cites to the wrong standard for evaluating whether venue in this district is proper. More specifically, Plaintiff references the seven-factor test relied on by the Ninth Circuit in <u>Bancroft</u>, supra, 223 F.3d at 1088, to determine the reasonableness of personal jurisdiction. There is no discussion of venue whatsoever in <u>Bancroft,</u> and the seven-part test is wholly unrelated to claims of proper venue.

Instead, in order for Plaintiff to make a prima facie showing of facts supporting venue in this forum, it must demonstrate that "a substantial part of the events or omissions giving rise to the claim occurred" in the Northern District of California. 18 USC section 1391(b)(2); <u>Murphy v. Schneider National Inc</u>. 362. F.3d 1133, 1138-1139 (9th Cir. 2004). For the same reasons discussed above, Plaintiff makes no such showing because there are no well-pled, uncontroverted factual allegations of events undertaken or caused by the Costicks in this District related or giving rise to Plaintiff's claim against the Costicks. Accordingly, Plaintiff has failed to make a prima facie showing that venue is proper in this District as against the Costicks.

## III. <u>CONCLUSION</u>

For the foregoing reasons and those set forth in the moving papers, the Court should grant the Costicks' motion to dismiss for lack of personal jurisdiction, pursuant to Federal Rules of Civil Procedure Rule 12(b)(2), and for improper venue, pursuant to Federal Rules of Civil Procedure Rule 12(b)(3).

Dated: August 12, 2008                     FITZGERALD ABBOTT & BEARDSLEY LLP

By      /s/ Mark A. Delgado
    Mark A. Delgado
    Attorneys for Defendants
    SAUNDRA COSTICK
    and JOHN COSTICK