1 | DALEY & HEFT, LLP, ATTORNEYS AT LAW
ROBERT W. BROCKMAN, JR., ESQ. (BAR #123546)
2 | CRAIG A. BEALER, ESQ. (SBN 243059)
462 STEVENS AVENUE, SUITE 201
3 | SOLANA BEACH, CA 92075
TELEPHONE: (858) 755-5666
4 | FACSIMILE: (858) 755-7870
Cbealer@daley-heft.com

5

Attorneys for Plaintiff
6 | TEG STAFFING, INC.

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

11 | TEG STAFFING, INC., a California            )   Case No.08-cv-3073 JSW
Corporation, dba PLATINUM LEGAL             )
12 |                                            )   **PLAINTIFF TEG STAFFING INC'S**
              Plaintiffs,                       )   **OPPOSITION TO DEFENDANT**
13 |                                            )   **ALEXANDER PLATT'S MOTION TO**
        v.                                      )   **DISMISS**
14 |                                            )
15 | D. ALEXANDER PLATT, an individual,         )   **DATE:**     October 17, 2008
SANDY COSTICK, an individual, and JOHN      )   **TIME:**     9:00 a.m.
16 | COSTICK, an individual; and DOES 1-25      )   **DEPT :**    Courtroom 2, 17th Floor
                                                )   **JUDGE:**    Hon. Jeffery S. White
17 |         Defendants.                         )
                                                )
18 | _____

19

20 |        Plaintiff, TEG STAFFING, INC., respectfully submits the following Opposition To

21 | Defendant Alexander Platt's Motion To Dismiss:

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

1

<u>**TABLE OF CONTENTS**</u>

2  I.  <u>**INTRODUCTION**</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

3  II.  <u>**FACTS**</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4  III.  <u>**LEGAL STANDARDS**</u>

5      12(b)(6) Motion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
       12(e) Motion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
6      12(f) Motion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

7  IV.  <u>**ARGUMENT**</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

8      A. <u>**TEG's RICO Claim (First Cause Of Action)**</u> . . . . . . . . . . . . . . . . . 3

9          i.  TEG's RICO Claim Complies With Rule 9(b) Fraud Pleading
               Requirements. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
10
           ii. TEG's RICO Claim Properly Pleads Proximate Cause. . . . . . . . . . . . . 4
11
       B. <u>**Conversion Claim (Second Cause of Action)**</u> . . . . . . . . . . . . . . . . . . . 5
12
           i.  At This Stage, TEG Need Not Allege A Specific Amount Of Money. . . . . 5
13
       C. <u>**Breach of Contract Claim (Third Cause Of Action)**</u> . . . . . . . . . . . . . . 5
14
           i.  Platt's Argument Exhibit C Is Not Part Of The Alleged Contract Is Not
15             Proper At This Time As Substantial Extrinsic Evidence Is Necessary To
               Make This Determination. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
16
           ii. Platt's Argument That The Breach Of Contract Claim Is Too Vague Simply
17             Lacks     Any Merit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18         iii. Platt's Public Policy Argument Fails To Consider Pertinent Allegations
                And Impermissibly Requires Extrinsic Evidence To Determine. . . . . . . . . 6
19
       D. <u>**Fraud, Misrepresentation, And/Or Concealment Claim (Fourth Cause Of**</u>
20         <u>**Action)**</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

21         i.  TEG's Fraud Claim Complies With Rule 9(b) Fraud Pleading
               Requirements. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
22
       E. <u>**Interference Claims (Fifth, Sixth, Seventh, And Eighth Causes Of Action.)**</u> . . 7
23
           i.  TEG's Interference Claims Are Supported By
24             "Independent Wrongfulness." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

25         ii. TEG's Interference Claims Are Sufficiently Clear. . . . . . . . . . . . . . . . . 8

26         iii. Platt's Argument Exhibit C Is Not Part Of The Alleged Contract Is Not
                Proper At This Time As Substantial Extrinsic Evidence Is Necessary To
27              Make This Determination. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28

**F.  Unfair Business Claim (Ninth Cause Of Action).** . . . . . . . . . . . . . . . . . . . . . . 9

  i,  Platt's Assertion TEG Has Not Pled Any "Unlawful" Or "Unfair" Act Greatly
      Misconstrues TEG's Complaint And The Law. . . . . . . . . . . . . . . . . . . . . . . 9
  ii. TEG's Fraud Claim Complies With Rule 9(b)
      Fraud Pleading Requirements. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

**G.  Trade Secret Claim (Tenth Cause Of Action).** . . . . . . . . . . . . . . . . . . . . . . . 10

  i.  TEG Properly Pleads Platt Misappropriated Its Trade Secret . . . . . . . . . 10

**H.  Accounting Claim (Eleventh Cause Of Action.)** . . . . . . . . . . . . . . . . . . . . . . 10

  i.  Accounting Is Not Moot As TEG Has Established The Viability Of All
      Causes Of Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**I.  Motion to Strike Punitive Damages.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

  i.  TEG's Claims for Punitive Damages Are Proper
      At This Point.   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

  ii. TEG's Request For An Injunction under Section 14 of Exhibit C Is Properly
      Plead At This Point.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**V.    CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

1

<u>TABLE OF AUTHORITIES</u>

2

<u>CASES</u>

3

<u>Alan Neuman Prod., Inc. v. Albright,</u>
    862 F.2d 1388 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

4

<u>Auster Oil & Gas, Inc. v. Stream,</u>
    764 F.2d 381, 386 (5th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5

6

<u>Beery v. Hitachi Home Electronics,</u>
    157 F.R.D. 477, 480 (C.D. Cal. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8

7

<u>Bureeong v. Uvawas,</u>
    922 F.Supp. 1450, 1478 (C.D. Cal.1996)) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

8

9

<u>Cal Tech Communications v. L.A. Cellular Tel.Co.,</u>
    (1999) 20 Cal.4th 163 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

10

<u>Conley v. Gibson,</u>
    355 U.S. 41, 45-6 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

11

12

<u>Durning v. First Boston Corp.,</u>
    815 F.2d 1265, 1297 (9th Cir. 1987.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

13

<u>Famolare v. Edison Bros. Stores,</u>
    525 F.Supp. 940, 949 (E.D. Cal. 1981 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

14

15

<u>Gilligan v. Jamco Development Corp.,</u>
    108 F.3d 246, 249 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

16

<u>Haigler v. Donnelly,</u>
    18 Cal. 2d 674, 681 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

17

18

<u>Holmes v. Securities Investor Protection Corp.,</u>
    503 U.S. 258, 266 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

19

<u>Johnson v. JP Morgan Chase Bank,</u>
    536 F.Supp.2d 1207, 1213 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

20

21

<u>Kann v. U.S.,</u>
    323 U.S. 88 (1944) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

22

<u>Korea Supply Co. v. Lockheed Martin Corp.,</u>
    29 Cal. 4th 1134, 1165 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

23

24

<u>Macias v. Tomanek</u>
    No. C 07-03437 JSW, 2008 WL 94806 at *2 . . . . . . . . . . . . . . . . . . . . . . . 4

25

<u>Metro Traffic Control, Inc. v. Shadow Traffic Network</u>
    (1994) 22 Cal.App.4th 853, 859 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

26

27

<u>Miller v. National American Life Ins.Co.</u>
    (1976) 54 Cal.App.3d 331, 336 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

28

Moore v. Kayport Package Exp., Inc.,
    885 F.2d 531, 540 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

PCO, Inc. v. Christensen, Miller, Fink, Jacobs, weil & Shapiro,
    150 Cal.App.4th 384, 397 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Robinson v. Jardine Ins. Brokers Intern. Ltd.,
    856 F.Supp. 554, 558 (N.D. Cal. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Sebastian Intern., Inc. v. Russolillo
    186 F.Supp.2d 1055, 1073 (C.D. Cal. 2000.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

U.S v. City of Redwood,
    640 F.2d 963, 966 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Wood v. Apodaca,
    375 F.Supp.2d 942, 949 (N.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7, 9

Whyte v. Schlage Lock Co.
    (2002) 101 Cal.App.4th 1443, 1454 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Wynne v. City of Fresno,
    No. CV F  07-1573 LJO DLB, 2008 WL 686704 at *3 . . . . . . . . . . . . . . . . . . . . 2, 6, 8

STATUTES

Federal Rule of Civil Procedure rule 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rule of Civil Procedure rule 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 10

Federal Rules of Procedure rule 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

Federal Rules of Procedure rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3

Federal Rules of Procedure rule 12(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2

Federal Rules of Procedure rule 12(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,3

# I.

## **INTRODUCTION**

Defendant, D. Alexander Platt, brings one motion to dismiss under Federal Rules of Procedure rule 12(b)(1), 12(b)(6), 12(e), and 12(f) against plaintiff, TEG Staffing, Inc.[1] Platt's motion is not only convoluted, but misconstrues and ignores facts within TEG's complaint to serve the purposes of her motion. Moreover, Platt greatly simplifies legal standards this court is impressed with to assess such motion. Finally, Platt greatly expands or limits her proffered case law, again, to serve the purposes of her motion. In any event, TEG's complaint is validly pled, especially given the liberal pleading requirements and the discouragement of these types of motions in federal court.

# II.

## **FACTS**

Platt perpetrated a fraud and/or misrepresentation to misappropriate and/or convert a substantial and specific amount of funds rightfully owed plaintiff, TEG. (Complaint at paras. 21 and 35.) Platt then caused these funds to be sent through the mails or the wires to defendants, John and Sandy Costick in New Mexico. (Complaint at paras. 22-24.) Platt's conduct occurred in the summer of 2007 and she targeted clients or customers of TEG with fraud and/or misrepresentation to misappropriate and/or convert funds rightfully owed plaintiff. (Complaint at paras. 21.) Any and all of such conduct breached her employment agreement (not to mention state and federal law), which includes Exhibit C to her agreement. (Complaint at paras. 17-24.) Although it is not known, at this point, what she precisely said to TEG's clients or customers, whatever Platt said made TEG's clients or customers send her direct payments for TEG's services in contradiction to the mandates of TEG. (Complaint at paras. 14-16.) Platt also impermissibly took and/or used TEG's proprietary information and/or trade secrets, including, but not limited to, TEG's confidential client lists. (Complaint at paras. 21, 90-107.)

---

[1] In addition to rule 12, Platt mistakenly brings her motion to dismiss under Federal Rule of Civil Procedure rule 8 and 9. These rules, however, offer no vehicle to dismiss and are relative only to the standards of pleadings this court should use to guide its analysis of the motion and this opposition. As such, this opposition will only devote independent argument sections to rule 12, while discussing the interplay with rules 8 and 9.

# III.

## LEGAL STANDARDS

**12(b)(6) Motion.**

On ruling on a motion to dismiss under rule 12(b)(6), the court must assume all allegations true.  (<u>U.S. v. City of Redwood</u>, 640 F.2d 963, 966 (9th Cir. 1981).)  Additionally, the court must construe  the complaint in a light most favorable to plaintiff.  (<u>Id</u>.)  Ultimately, the court must determine if the allegations as pled entitle plaintiff to offer evidence to support its claims, no matter how remote recovery may appear.  (<u>Id</u>.)

"The federal rules require only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  (<u>Gilligan v. Jamco Development Corp.</u>, 108 F.3d 246, 249 (9th Cir. 1997); FRCP rule 8(a).)  "The Rule 8 standard contains 'a powerful presumption against rejecting pleadings for failure to state a claim.'"  (<u>Gilligan</u>, <u>supra</u>, 108 F.3d at 249, quoting <u>Auster Oil & Gas, Inc. v. Stream</u>, 764 F.2d 381, 386 (5th Cir. 1985).)  "Moreover, the accepted rule is that a complaint is not to be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.'"  (<u>U.S. v. City of Redwood</u>, 640 F.2d 963, 966 (9th Cir. 1981); quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-6 (1957).)  "Under this rule it is only the extraordinary case in which a dismissal is proper."  (<u>Redwood</u>, <u>supra</u>, 640 F.2d at 966.)

**12(e) Motion.**

"A party may move for a more definitive statement of a pleading to a which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  (FRCP rule 12(e).)  This motion is designed to strike unintelligibility rather than lack of detail and should be denied if the pleading specifies a short and plain statement of the claim entitling plaintiff to relief.  (<u>Wynne v. City of Fresno</u>, No. CV F  07-1573 LJO DLB, 2008 WL 686704 at *3.)  Of import, "if the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied."  (<u>Beery v. Hitachi Home Electronics</u>, 157 F.R.D. 477, 480 (C.D. Cal. 1993).)  "[T]herefore, a court will deny the motion where the

1    complaint is specific enough to apprise the defendant of the substance of the claim being

2    asserted." (Id.)

3    **12(f) Motion.**

4         "The court may strike from a pleading an insufficient defense or any redundant, immaterial

5    impertinent, or scandalous matter." (FRCP rule 12(f).)  This motion, similar to other rule 12

6    motions, is disfavored because it is often used for delay and because less emphasis is placed on

7    pleadings in federal practice.  (Bureeong v. Uvawas, 922 F.Supp. 1450, 1478 (C.D. Cal.1996).)

8    Otherwise, the same standards apply to this motion as to a 12(b)(6) motion, including the court

9    must assume all allegations true and must construe the complaint in a light most favorable to

10   plaintiff.

11                                               **IV.**

12                                        **ARGUMENT**

13   **A.  TEG's RICO Claim (First Cause Of Action)**

14        i.      **TEG's RICO Claim Complies With Rule 9(b) Fraud Pleading Requirements.**

15        In alleging fraud, plaintiff must state with particularity the circumstances constituting

16   fraud.  (FRCP rule 9(b).)  While this typically includes the time, place, and content of the

17   fraudulent statements, the requirements under rule 9(b) are relaxed as to matters within

18   defendant's knowledge.  (Wood v. Apodaca, 375 F.Supp.2d 942, 949 (N.D. Cal. 2005), citing

19   Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989).)  The reasoning behind

20   such relaxed standards is defendant's knowledge affords defendant an opportunity to prepare an

21   adequate answer from the allegations.  (Id.)[2]

22        Here, it is alleged Platt made fraudulent statements and/or misrepresentations in the

23   summer of 2007 (a 3-month window) to clients or customers of TEG to have them improperly

24   send money directly to Platt, rather than TEG.  Whether Platt made such statements (or not) is

25   entirely within her scope knowledge.  Further, while TEG has relationships with its clients or

26

27   _____

28   [2]Platt relies on Alan Neuman Prod., Inc. v. Albright, 862 F.2d 1388 (9th Cir. 1988) for the proposition RICO
     allegations must comport with rule 9(b) pleading requirements.  Alan Neuman, however, is distinguishable from the
     instant matter because Alan Neuman concerns a motion to set aside a default and also does not contemplate the
     relaxed rule 9(b) standards illustrated in Wood and Moore, supra.

1    customers, its clients or customers are not under its control. Therefore precisely what Platt said

2    to TEG's client or customers has not yet been ascertained. As such, Platt is afforded an

3    opportunity to prepare an answer on the RICO claim because she holds the pertinent knowledge.

4        Therefore, because this court must assume all allegations true, must liberally construe the

5    allegations in TEG's favor, and carry a "powerful presumption against rejecting pleadings for

6    failure to state a claim," it should find TEG's RICO claim is validly plead.

7        **ii.    TEG's RICO Claim Properly Pleads Proximate Cause.**

8        Proximate cause is established by a "direct relation between the injury asserted and the

9    injurious conduct alleged." (<u>Macias v. Tomanek</u> No. C 07-03437 JSW, 2008 WL 94806 at *2;

10   citing <u>Holmes v. Securities Investor Protection Corp.</u>, 503 U.S. 258, 266 (1992).)

11       Platt's attempt to dispel proximate cause under the premise that the "consummation of the

12   fraudulent scheme's objective...will not support a mail fraud charge," is not well taken. As an

13   example of a typical case that contemplates this reality, plaintiffs base its mail fraud charge on a

14   bank's mailing of a check to a drawee bank, which has nothing to do with the actions of the

15   defendant. (<u>See</u>, <u>e.g.</u>, <u>Kann v. U.S.</u>, 323 U.S. 88 (1944), which distinguishes the banks' mailings

16   from when the "mails are used prior to, and as one step toward, the receipt of the fruits of the

17   fraud...".)

18       Here, allegations reveal the misappropriated funds were sent to defendants, John and

19   Sandy Costick, who received the funds. When Platt used the mails and/or wires, it was done in

20   furtherance of the scheme or artifice to steal funds from TEG. As such, the allegations easily

21   establish when the mailings took place the scheme or artifice had yet to reach its ultimate

22   conclusion. Put another way, the mails were used by Platt "prior to, and as one step toward, the

23   receipt of the fruits of the fraud."

24       Therefore, because this court must assume all allegations true, must liberally construe the

25   allegations in TEG's favor, and carry a "powerful presumption against rejecting pleadings for

26   failure to state a claim," it should find TEG's RICO claim validly pleads proximate cause as there

27   is a direct relation between the injury asserted and the injurious conduct alleged.

28   ///

---

**PLAINTIFF TEG STAFFING INC'S OPPOSITION TO DEFENDANT ALEXANDER PLATT'S MOTION TO DISMISS**    4

**B.  Conversion Claim (Second Cause of Action)**

      **i.**      **At This Stage, TEG Need Not Allege A Specific Amount Of Money.**

      Platt asserts TEG's conversion claim should be dismissed because TEG failed to plead a specific amount of converted money.  Although case law states an action for conversion requires a definite sum of money, plaintiff may state a sufficient cause of action by alleging an amount of money that is "capable of identification."  (PCO, Inc. v. Christensen, Miller, Fink, Jacobs, weil & Shapiro, 150 Cal.App.4th 384, 397, citing to Haigler v. Donnelly, 18 Cal. 2d 674, 681.)  A more definite and identifiable amount of money is required at the summary judgment stage.  (Id.)

      Here, TEG alleges Platt converted a substantial and specific sum in excess of $100,000.00.  The conversion cause of action will work symbiotically with TEG's accounting cause of action to produce this specific number.  If not, then Platt can address this issue on summary judgment.  Under the above case law, however, and given this court must assume all allegations true, must liberally construe the allegations in TEG's favor, and carry a "powerful presumption against rejecting pleadings for failure to state a claim," this court should find TEG properly pleads conversion.

**C.  Breach of Contract Claim (Third Cause Of Action)**

      **i.**      **Platt's Argument that Exhibit C Is Not Part Of The Alleged Contract Is Not Proper At This Time As Substantial Extrinsic Evidence Is Necessary To Make This Determination.**

      Platt's assertion that TEG is not a party to Exhibit C of the "Alexander Platt Employment Agreement," is not well received.  Platt bases this assertion on the first paragraph of Exhibit C, which states in pertinent part, "...as of the date of my initial employment with Eplica, Inc."  Platt fails in her motion to cite language from the next paragraph, which expands Exhibit C to encompass Eplica's "affiliates," which TEG is.  As this court may already sense, Platt's argument will take more than judicially noticed Secretary of State website printouts to resolve this issue.

      Moreover, and of paramount import, the complaint states Exhibit C is part of the

1   "Alexander Platt Employment Agreement," which is enough to carry the burden at this stage of

2   the matter.[3]

3       Therefore, because this court must assume all allegations true, must liberally construe the

4   allegations in TEG's favor, and carry a "powerful presumption against rejecting pleadings for

5   failure to state a claim," this court should find TEG validly pleads this cause of action. .

6       **ii.**    **Platt's Argument The Breach Of Contract Claim Is Too Vague Simply Lacks Any Merit.**

7

8       Platt falls prey to confusing "unintelligibility" with "lack of detail" as illustrated in

9   <u>Wynne</u>, <u>supra</u>. Here, TEG properly pleads Platt's conduct amounting to a breach of the contract.

10  TEG also properly demonstrates within its complaint (as noted in section **IV(A)(i)**, above) that

11  the details of her conduct are presumably known by her, thus affording her an opportunity to

12  prepare a response.  As such, under applicable pleading standards, this court should not consider

13  Platt's argument related to the breach of contract claim.

14      **iii.**    **Platt's Public Policy Argument Fails To Consider Pertinent Allegations And Impermissibly Requires Extrinsic Evidence To Determine.**

15

16      "Although a person is generally free to compete with his former employer, there are limits

17  on that freedom. For example, an employer may under certain circumstances contractually

18  prohibit an employee from soliciting its clients or raiding its workforce for a limited period of

19  time following termination of employment." (<u>Robinson v. Jardine Ins. Brokers Intern. Ltd.</u>, 856

20  F.Supp. 554, 558 (N.D. Cal. 1994).)  Moreover:

21        Section 166000 [of the California Business and Professions Code] has
    specifically been held to invalidate employment contracts which prohibit an
22        employee from working for a competitor when the employment has
    terminated, *unless necessary to protect the employer's trade secrets.*
23        [Citation omitted.] The corollary to this proposition is that competitors may
    solicit another's employees if they do not use *unlawful means* or *engage in*
24        *acts of unfair competition.*

25

26

27  [3]Platt mistakenly argues Exhibit C, as a document attached to the complaint, contravenes the allegations of the
    complaint under <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1297 (9th Cir. 1987.)  Platt, as stated in the body of
28  this opposition, fails to consider the entirety of Exhibit C and also purports to examine Exhibit C in a vacuum without
    addressing the allegations Exhibit C is part of the totality of the "Alexander Platt Employment Agreement." As such,
    Platt fails to show any true contravention.

1  (Metro Traffic Control, Inc. v. Shadow Traffic Network (1994) 22 Cal.App.4th 853, 859,

2  emphasis added.)

3      Platt fails to consider the allegations (which must be assumed true for purposes of her

4  motion) establish Platt took trade secrets (TEG's client list) and also engaged in unlawful conduct

5  (stealing TEG's funds), not to mention competing unfairly against TEG by engaging in this

6  conduct. As such, Platt's argument relating to the non-solicit clause is wholly premature as it fails

7  to consider the relative law and also calls upon extrinsic evidence to determine.

8      Therefore, because this court must assume all allegations true, must liberally construe the

9  allegations in TEG's favor, and carry a "powerful presumption against rejecting pleadings for

10  failure to state a claim," this court should find TEG validly pleads this cause of action.

11  **D.  Fraud, Misrepresentation, And/Or Concealment Claim (Fourth Cause Of Action)**

12      **i.    TEG's Fraud Claim Complies With Rule 9(b) Fraud Pleading Requirements.**

13      As stated above under **IV(A)(i),** when knowledge rests with the defendant, courts should

14  relax the heightened pleading standards typically associated with fraud under rule 9(b). (Wood

15  v. Apodaca, supra, 375 F.Supp.2d at 949.)

16      In short, and to spare this court from a repeat of **IV(A)(i),** the complaint alleges Platt made

17  the misrepresentations to TEG's clients or customers in the summer of 2007. As such, she is in

18  the best position to have knowledge of what she said or what she did not say. This should suffice

19  to afford Platt an opportunity to prepare an answer on this claim because she holds the pertinent

20  knowledge.

21      Therefore, because this court must assume all allegations are true, must liberally construe

22  the allegations in TEG's favor, and carry a "powerful presumption against rejecting pleadings for

23  failure to state a claim," it should find TEG's fraud, misrepresentation, and/or concealment claim

24  is validly plead.

25  ///

26  ///

27  ///

28  ///

1  **E.  Interference Claims (Fifth, Sixth, Seventh, And Eighth Causes Of Action.)**

2      **i.  TEG's Interference Claims Are Supported By "Independent Wrongfulness."**

3  Platt assertion TEG's interference claims are not supported by the element of "independent

4  wrongfulness" falls flat as Platt, once again, overlooks pertinent allegations, this court must

5  assume are true.  Notably, TEG's complaint alleges Platt stole funds from TEG and stole protected

6  client lists from TEG.  These allegations easily establish "independent wrongful" acts by Platt.

7  (See, e.g., Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1165, which discusses

8  the independent wrongful element in detail.)

9      **ii.  TEG's Interference Claims Are Sufficiently Clear.**

10  As stated above, the standard under a 12(e) motion is whether the complaint is

11  unintelligible, not lacking detail.  (Wynne, supra, 2008 WL 686704 at *3.)  Put another way, a

12  motion for more definite statement is appropriate in situations when the nature of the claim being

13  asserted is so unclear the Defendant cannot frame an intelligent reply.  (See, e.g., Famolare v.

14  Edison Bros. Stores, 525 F.Supp. 940, 949 (E.D. Cal. 1981.)  Again, this 12(e) motion should be

15  denied when the "complaint is specific enough to apprise the defendant of the substance of the

16  claim being asserted" and/or when  "more definite statement is obtainable through discovery."

17  (Beery, supra, 157 F.R.D. at 480.)

18  Here, Platt's argument is not well taken.  Platt's opposition is undermined by the fact she

19  treats this court to a lengthy discussion of the elements of the various causes of action she claims

20  she cannot respond to.  Platt's arguments are further undermined by her selective citation to

21  TEG's complaint.  Platt's motion ignores TEG's unambiguous allegations Platt misappropriated

22  proprietary information and utilized that information to interfere with TEG's potential and

23  existing clients.  Platt is capable of drafting a responsive pleading based on the allegations of

24  TEG's complaint. Furthermore, she cannot bring a 12(e) motion in lieu of conducting discovery.

25  Therefore, because this court must assume all allegations true, must liberally construe the

26  allegations in TEG's favor, and carry a "powerful presumption against rejecting pleadings for

27  failure to state a claim," it should find TEG's interference claims are validly plead.

28

iii.  **Platt's Argument Exhibit C Is Not Part Of The Alleged Contract Is Not Proper At This Time As Substantial Extrinsic Evidence Is Necessary To Make This Determination.**

As explained above, Platt's arguments based on her interpretation of the proper parties to Exhibit C are ill-conceived, premature, and, in need of extrinsic evidence to flesh out.

## F.  Unfair Business Claim (Ninth Cause Of Action).

i.  **Platt's Assertion TEG Has Not Pled Any "Unlawful" Or "Unfair" Act Greatly Misconstrues TEG's Complaint And The Law.**

"A cause of action under [California Business and Professions Code section 17200] must be based on some predicate act involving a violation of some other statute." (Johnson v. JP Morgan Chase Bank, 536 F.Supp.2d 1207, 1213; citing to Cal Tech Communications v. L.A. Cellular Tel.Co. (1999) 20 Cal.4th 163.)  Simply put, a crime in California is an unfair business practice. (Sebastian Intern., Inc. v. Russolillo 186 F.Supp.2d 1055, 1073 (C.D. Cal. 2000.)

Here, it is alleged Platt stole funds and proprietary information from TEG, both of which constitute the crime of theft. As such, Platt's conduct falls squarely in the purview of the Unfair Business Practices Act. Rather than argue this fact, Platt confusedly argues only a violation of antitrust law can satisfy a predicate act under the Unfair Business Practices Act. Cal Tech Communications makes the distinction between unfair practices and unfair competition, the latter of which Platt erroneously hangs her hat on.

Therefore, because this court must assume all allegations true, must liberally construe the allegations in TEG's favor, and carry a "powerful presumption against rejecting pleadings for failure to state a claim," it should find TEG's unfair business practice claim is validly.

### ii.  TEG's Fraud Claim Complies With Rule 9(b) Fraud Pleading Requirements.

As stated above under **IV(A)(i),** when knowledge rests with the defendant, courts should relax the heightened pleading standards typically associated with fraud under rule 9(b). (Wood v. Apodaca, supra, 375 F.Supp.2d at 949.) Again, the complaint alleges Platt made the misrepresentations to TEG's clients or customers in the summer of 2007. As such, she is in the best position to have knowledge of what she said or what she did not say.  This is sufficient to

1 | afford Platt an opportunity to prepare an answer on this claim because she holds the pertinent

2 | knowledge.

3 | **G.  Trade Secret Claim (Tenth Cause Of Action).**

4 | **i.    TEG Properly Pleads Platt Misappropriated Its Trade Secret.**

5 | "The test for trade secrets is whether the matter sought to be protected is information (1)

6 | which is valuable because it is unknown to others and (2) which the owner has attempted to keep

7 | secret." (<u>Whyte v. Schlage Lock Co.</u> (2002) 101 Cal.App.4th 1443, 1454.) At this pleading stage,

8 | TEG carries its pleading burden by informing Platt she allegedly took confidential and proprietary

9 | information from TEG.  The plain meaning of "confidential" is secret and the plain meaning of

10 | "proprietary" is exclusive right to something.  These words and the fact Platt is informed of the

11 | claim against her suffices to afford her an opportunity to prepare a response to this claim.

12 | Therefore, because this court must assume all allegations true, must liberally construe the

13 | allegations in TEG's favor, and carry a "powerful presumption against rejecting pleadings for

14 | failure to state a claim," it should find TEG's trade secret claim is validly plead.

15 | **H.  Accounting Claim (Eleventh Cause Of Action.)**

16 | **i.    Accounting Is Not Moot As TEG Has Established The Viability Of All Causes**

17 | **Of Action.**

18 | Platt asserts this cause of action is moot under the presumption Platt will prevail on all of

19 | her former arguments.  This notion is ill-conceived and not supported by law or allegations.

20 | **I.  Motion to Strike Punitive Damages.**

21 | **i.    TEG's Claims for Punitive Damages Are Proper At This Point.**

22 | Platt attempts to strike various allegations relating to punitive damages claimed by TEG.

23 | Under the standards of a 12(f) motion, Platt fails to show how her intentional conduct is

24 | immaterial or impertinent to a claim for punitive damages.  TEG's claim for punitive damages,

25 | even under its breach of contract claim, are proper at this point given the alleged intentional

26 | conduct attributed to Platt.  (See, e.g., for example <u>Miller v. National American Life Ins. Co.</u>

27 | (1976) 54 Cal. App 3d 331, 336, which stands for the proposition punitive damages can be

28 | recovered on a breach of contract claim if the breaching conduct is founded on tortious conduct.)

1    Therefore, under rule 12(f), and the pleading standards indicated above, this court should not grant

2    Platt's motion to strike TEG's claims for punitive damages.

3         ii.      **TEG's Request For An Injunction under Section 14 of Exhibit C Is Properly Plead At This Point.**

4

5         As indicated above, the court at this time cannot make a determination on whether Exhibit

6    C is part of or not part of the Platt's employment agreement and therefore cannot strike TEG's

7    request for an injunction. Under rule 12(f), this pleading is material, pertinent, and not scandalous

8    as its supported by the allegations. As such, under rule 12(f) and the pleading standards indicated

9    above, this court should not grant Platt's motion to strike TEG's claims for injunctive relief under

10   her employment agreement.

11                                      **V.**

12                                 **CONCLUSION**

13        TEG's complaint properly pleads all causes of action based on the face of the complaint

14   and the applicable pleading standards indicated above. TEG respectfully request this court deny

15   Platt's motion. In the alternative, should this court be disinclined to do so, TEG requests leave to

16   amend its complaint.

17

18

19

20   Dated: August 22, 2008                    DALEY & HEFT, LLP

21                                             By:*/s/ Craig A. Bealer,* Attorney
                                                  ROBERT W. BROCKMAN
22                                                CRAIG A. BEALER
                                                  Attorneys for Plaintiff,
23                                                TEG STAFFING, INC.
                                                  E-mail: Cbealer@daley-heft.com
24

25

26

27

28

---

**PLAINTIFF TEG STAFFING INC'S OPPOSITION TO DEFENDANT ALEXANDER PLATT'S MOTION TO DISMISS**                    11

DALEY & HEFT, LLP, ATTORNEYS AT LAW
ROBERT W. BROCKMAN, JR., ESQ. (BAR #123546)
CRAIG A. BEALER, ESQ. (SBN 243059)
462 STEVENS AVENUE, SUITE 201
SOLANA BEACH, CA 92075
TELEPHONE: (858) 755-5666
FACSIMILE: (858) 755-7870
CBEALER@DALEY-HEFT.com

Attorneys for Plaintiff
TEG STAFFING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEG STAFFING, INC., a California Corporation, dba PLATINUM LEGAL <br><br> Plaintiffs, <br><br> v. <br><br> D. ALEXANDER PLATT, an individual, SANDY COSTICK, an individual, and JOHN COSTICK, an individual; and DOES 1-25 <br><br> Defendants. | Case No.08-cv-3073 JSW <br><br> **CERTIFICATE OF SERVICE** |

I, Christina Tamayo, certify and declare as follows:

    1.     I am over the age of 18 years and not a party to this action.

    2.     I caused to be served the following document(s) via electronic mail:

**PLAINTIFF TEG STAFFING INC'S OPPOSITION TO DEFENDANT ALEXANDER**

**PLATT'S MOTION TO DISMISS**

    3.     **Electronic Mail Notice List**

    The following are those who are currently on the list to receive e-mail notices for this

case:

///

///

1    RICHARD T. WHITE
     Mark Delgado, FITZGERALD ABBOTT & BEARDSLEY:
2    rwhite@fablaw.com
     mdelgado@fablaw.com
3    **Attorney for Defendants, Sandy Costick and John Costick**

4    Baldwin J. Lee, Esq.,
     Mark J. Seifert.
5    ALLEN, MATKINS, LECK, GAMBLE, MALLORY, & NATSIS, LLP
     blee@allenmaking.com
6    mseifert@allenmatkins.com
     **Attorney for Defendant, Alexander Platt**

7

8
           I declare under penalty of perjury that the foregoing is true and correct.  Executed on
9    August 22, 2008, in Solana Beach, California.

10

11                                              Christina Tamayo, Declarant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28