BALDWIN J. LEE (BAR NO. 187413)
MARK J. SEIFERT (BAR NO. 217054)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111-4074
Phone: (415) 837-1515
Fax: (415) 837-1516
E-Mail: blee@allenmatkins.com
        mseifert@allenmatkins.com

Attorneys for Defendant
Alexander Platt

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TEG STAFFING, INC., a California corporation, dba PLATINUM LEGAL,<br><br>Plaintiff,<br><br>vs.<br><br>D. ALEXANDER PLATT, an individual, SANDY COSTICK, an individual, JOHN COSTICK, an individual, and DOES 1-25,<br><br>Defendant. | Case No. CV 08-3073-JSW<br><br>**DEFENDANT ALEXANDER PLATT'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: October 17, 2008<br>Time: 9:00 a.m.<br>Ctrm: 2<br>Judge: Hon. Jeffrey S. White |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

745960.01/SF

Case No. CV 08-3073-JSW
PLATT'S REPLY IN SUPPORT OF
MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I. Introduction ............................................................................................................................ 1

II. Argument ............................................................................................................................... 1

    A. Legal Standards ............................................................................................................ 1

        1. Rules 8(a)(2) and 12(b)(6) ..................................................................................... 1

        2. Rule 9(b) ................................................................................................................ 2

        3. Rule 12(b)(1) ......................................................................................................... 4

        4. Rules 12(e) and 12(f) ............................................................................................ 4

    B. The RICO Claim ........................................................................................................... 4

        1. Failure to Plead with Particularity ......................................................................... 4

        2. Failure to Plead Proximate Cause ......................................................................... 5

    C. The Conversion Claim .................................................................................................. 5

    D. The Breach of Contract Claim ...................................................................................... 6

        1. TEG Does Not Have Standing .............................................................................. 6

        2. Vagueness ............................................................................................................. 6

        3. The Non-Solicitation Provisions of Exhibit C ...................................................... 7

        4. Punitive Damages ................................................................................................. 8

    E. The Fraud Claim ........................................................................................................... 8

    F. The Claims for Tortious Interference ............................................................................ 9

    G. The Unfair Business Practices Claim ........................................................................... 9

    H. The Trade Secrets Claim ............................................................................................. 10

    I. The Request for an Accounting .................................................................................... 10

III. Conclusion ......................................................................................................................... 10

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

745960.01/SF

(i)

Case No. CV 08-3073-JSW
PLATT'S REPLY IN SUPPORT OF
MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alan Neuman Prod., Inc. v. Albright*,
  862 F.2d 1388 (9th Cir. 1989) ........................................................................................... 2

*Edwards v. Arthur Andersen LLP*,
  No. S147190, 2008 WL 3083156 (Cal. Aug. 7, 2008) ....................................................... 7

*Elk Grove Unified School Dist. v. Newdow*,
  542 U.S. 1 (2004) ............................................................................................................... 4

*Hewlett-Packard Co. v. Intergraph Corp.*,
  No. C 03-2517 MJJ, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003) ................................. 1

*Jones v. Cmty. Redevelopment Agency*,
  733 F.2d 646 (9th Cir. 1984) ............................................................................................. 1

*Kann v. U.S.*,
  323 U.S. 88 (1944) ............................................................................................................. 5

*McHenry v. Renne*,
  84 F.3d 1172 (9th Cir. 1996) ............................................................................................. 4

*Miller v. National American Life Insurance Company of California*,
  54 Cal. App. 3d 331 (1976) ............................................................................................... 8

*Moore v. Kayport Package Express, Inc.*,
  885 F.2d 531 (9th Cir. 1989) ......................................................................................... 2, 3

*Pareto v. FDIC*,
  139 F.3d 696 (9th Cir. 1998) ............................................................................................. 1

*PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Weil & Shapiro, LLP*,
  150 Cal. App. 4th 384 (2007) ............................................................................................ 5

*Quigley v. Pet, Inc.*,
  162 Cal. App. 3d 877 (1984) ............................................................................................. 8

*Robinson v. Jardine Ins. Brokers Int'l Ltd.*,
  856 F. Supp. 554 (N.D. Cal. 1994) .................................................................................... 7

*Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*,
  368 F.3d 1053 (9th Cir. 2004) ........................................................................................... 1

*Vu v. Cal. Commerce Club, Inc.*,
  58 Cal. App. 4th 229 (1997) .............................................................................................. 5

*Whyte v. Schlage Lock Co.*,
  101 Cal. App. 4th 1443 (2002) ........................................................................................ 10

*Wood v. Apodaca*,
  375 F. Supp. 2d 942 (N.D. Cal. 2005) ............................................................................... 3

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

745960.01/SF

(ii)

Case No. CV 08-3073-JSW
PLATT'S REPLY IN SUPPORT OF
MOTION TO DISMISS

| | **Page(s)** |
|---|---|
| **Statutes** | |
| Cal. Bus. & Prof Code § 16600 | 7 |
| Cal. Civ. Code § 3294(a) | 8 |
| Cal. Civ. Code § 3300 | 8 |
| Cal. Civ. Code § 3426.1(d)(1) | 10 |
| **Other Authorities** | |
| 13 *Cal. Forms of Pleading & Practice* (Matthew Bender 2007) §§ 150.11-150.12 | 5 |
| William W. Schwarzer et al., *Cal. Practice Guide: Fed. Civ. P. Before Trial* (Rutter 2007) § 8:38 | 4 |
| **Rules** | |
| Fed. R. Civ. P. 12(b)(1) | 4 |
| Fed. R. Civ. P. 12(b)(6) | 1 |
| Fed. R. Civ. P. 12(e) | 4 |
| Fed. R. Civ. P. 12(f) | 4 |
| Fed. R. Civ. P. 8(a)(2) | 1 |
| Fed. R. Civ. P. 9(b) | 2 |

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

745960.01/SF

(iii)

Case No. CV 08-3073-JSW
PLATT'S REPLY IN SUPPORT OF
MOTION TO DISMISS

## I. Introduction

TEG's opposition to Platt's motion to dismiss confirms that this is an abusive lawsuit that never should have been filed. Platt's motion articulates why the Court should dismiss each claim in the Complaint, or, alternatively, order a more definite statement and strike certain allegations. In response, TEG fails to meaningfully defend the Complaint, and instead ducks for cover under the refrain that "this court must assume all allegations true" and must "liberally construe the allegations in TEG's favor." (*See, e.g.*, Opp.[1] at 4.) Yet Rules 12(b)(6) and 9(b) exist for good reasons: weeding out unmeritorious claims early in the case, avoiding the burden and expense of unnecessary discovery and trial of such claims, and avoiding the reputational harm associated with unfounded fraud claims. Moreover, TEG does not suggest that it can amend its claims to cure the defects identified in Platt's motion. Accordingly, the motion should be granted *with prejudice* and *without leave to amend*. *Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (denial of leave is proper where amendment would be futile).

## II. Argument

### A. Legal Standards.

#### 1. Rules 8(a)(2) and 12(b)(6).

TEG generally does not challenge the authorities that Platt cites concerning the standards under Federal Rules 8(a)(2) and 12(b)(6). (Motion at 2-3; *cf.* Opp. at 2-3.) As those authorities state, dismissal is proper where a complaint fails to provide proper notice of the claims asserted. Fed. R. Civ. P. 8(a)(2); *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649-50 (9th Cir. 1984); *Hewlett-Packard Co. v. Intergraph Corp.*, No. C 03-2517 MJJ, 2003 WL 23884794, at *1 (N.D. Cal. Sept. 6, 2003). Dismissal is also proper where there is a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Although TEG claims that courts must take a plaintiff's allegations as true and construe a complaint in favor of the plaintiff (Opp. at 2), TEG *does not dispute* that "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

---

[1] Citations to "Motion" refer to Platt's Motion to Dismiss (Doc. # 16, filed Aug. 8, 2008). Citations to "Opp." refer to TEG's Opposition (Doc. # 19, filed Aug. 22, 2008).

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

745960.01/SF

Case No. CV 08-3073-JSW
PLATT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
-1-

### 2. Rule 9(b).

With respect to pleading fraud, TEG admits (as it must) that "plaintiff must state with particularity the circumstances constituting fraud." (Opp. at 3 (citing Fed. R. Civ. P. 9(b)).) TEG also admits that this "typically includes the time, place, and content of the fraudulent statements." (Opp. at 3.) TEG does not dispute that this also includes "the identities of the parties to the misrepresentation." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989); *Alan Neuman Prod., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1989). Nor does TEG dispute that Rule 9(b) applies both to claims for fraud per se, and to RICO claims predicated on mail or wire fraud. *Alan Neuman*, 862 F.2d at 1392.

The only assertions that TEG makes that require a response are (1) that *Alan Neuman* is distinguishable because it involved a motion to set aside a default (rather than a motion to dismiss) (Opp. at 3 n.2), and (2) that Rule 9(b) should be relaxed with respect to facts within the knowledge of the defendant (Opp. at 3). Neither argument has merit.

While it is true that the procedural posture in *Alan Neuman* involved a motion to set aside a default, rather than a motion to dismiss, this distinction is immaterial because the analysis of the motion to set aside the default required the court to evaluate "the legal sufficiency of [the] allegations contained in the complaint." *Alan Neuman*, 862 F.2d at 1392. In that case, the court held that the default would be set aside if the facts alleged in the complaint were insufficient or if the claims were not well pleaded. *Id.* The court held that the RICO claim in that case, which had been predicated on mail and wire fraud, failed to include the particularity required by Rule 9(b) and that this was fatal to the claim. *Id.* The court went on to state that "the pleading requirements should be enforced strictly when default judgments are sought under RICO. Not only is the monetary penalty for failure to answer greatly enhanced by the provisions for treble damages, but a defendant's reputation may be stigmatized." *Id.* at 1393 (citation omitted). Similarly, the present motion requires an analysis of the sufficiency of the Complaint. And the same concerns are present in terms of exposure to treble damages and reputational harm.

TEG's argument that Rule 9(b) should be relaxed in this case (Opp. at 3) similarly lacks merit. In support of its position, TEG looks to *Moore*, 885 F.2d at 540, and Magistrate Judge

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

745960.01/SF

Case No. CV 08-3073-JSW
PLATT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
-2-

1  Trumbull's order in *Wood v. Apodaca*, 375 F. Supp. 2d 942, 949 (N.D. Cal. 2005).  Neither case
2  supports TEG's argument.
3      In *Moore*, the court stated that fraud allegations based on information and belief (like the
4  ones in the present case) "usually do not satisfy the particularity requirements under rule 9(b)" but
5  that this rule "may be relaxed as to matters within the opposing party's knowledge."  *Moore*, 885
6  F.2d at 540.  The *Moore* court stated that an example of where such relaxation might be
7  appropriate is in a case of corporate fraud where the plaintiff does not know all of the underlying
8  facts.  *Id.*  Yet, as TEG fails to mention, the court was careful to note that even in such cases,
9  relaxation would be appropriate where "the allegations are accompanied by a statement of the
10 facts on which the belief is founded."  *Id.* (internal quotation marks and citation omitted).  Indeed,
11 this is the true holding of the case:  the court upheld dismissal of the fraud-based claims because
12 the allegations "do not adequately state the facts on which their belief is founded, and thus fail to
13 satisfy even the relaxed standard...."  *Id.* at 540-42.  *Moore* thus does not help TEG.
14     *Wood* is likewise unavailing.  Setting aside the fact that *Wood* is not binding and is
15 expressly limited to its facts (*Wood*, 375 F. Supp. at 944 n.1), the case is readily distinguishable.
16 *Wood* involved promissory fraud in connection with a claim for rescission of a contract.  *Wood*,
17 375 F. Supp. at 949.  The court noted that, on the facts of that case, the fraud had been alleged
18 with particularity as to each aspect of the claim except for the place of the alleged fraud.  *Id.*  But
19 given the particularity as to the other aspects of the fraud, and specifically the fact that it had
20 occurred when the parties had entered into the contract at issue, the place of the alleged fraud
21 could be readily discerned and thus did not need to be expressly alleged.  *Id.*  In the present case,
22 by contrast, TEG has failed to plead *any* aspects of the alleged fraud with particularity.
23     Furthermore, cases such as *Moore* and *Wood* that discuss relaxation of Rule 9(b) are
24 inapplicable to the present case because this is not a case of an individual suing a large
25 corporation.  In fact, it is just the opposite.  TEG is a corporate plaintiff, and Platt is an individual.
26 Also, TEG was Platt's employer, and thus has far superior access to information (such as the
27 computer and files that Platt used in connection with her work).  Besides, if all a plaintiff had to do
28 in order to avoid Rule 9(b)'s heightened pleading requirements was assert that the defendant had

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

745960.01/SF

-3-

Case No.  CV 08-3073-JSW
PLATT'S REPLY IN SUPPORT OF
MOTION TO DISMISS

1  better access to the information, then every plaintiff would do just that and the rule would become
2  a nullity.  Also, this would defeat the purposes of the particularity requirement, which include
3  ensuring that a defendant has enough information to formulate a defense, reducing frivolous suits,
4  reducing fraud actions in which the facts are not learned until after discovery, and providing
5  additional protection of a defendant's reputation.  *See generally* William W. Schwarzer et al., *Cal.*
6  *Practice Guide: Fed. Civ. P. Before Trial* (Rutter 2007) § 8:38.  There is no basis to relax Rule
7  9(b)'s minimum requirements in this case.

        **3.    Rule 12(b)(1).**

9        TEG does not dispute that Rule 12(b)(1) requires dismissal where there is a lack of subject
10  matter jurisdiction due to a lack of standing.  Fed. R. Civ. P. 12(b)(1); *Elk Grove Unified School*
11  *Dist. v. Newdow*, 542 U.S. 1, 11-12 (2004).

        **4.    Rules 12(e) and 12(f).**

13        TEG does not dispute (Opp. at 2) that Rule 12(e) requires a more definite statement where
14  a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a
15  responsive pleading."  Fed. R. Civ. P. 12(e); *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.
16  1996).  TEG also does not dispute (Opp. at 3) that Rule 12(f) requires striking "any redundant,
17  immaterial, impertinent, or scandalous matter" from a pleading.  Fed. R. Civ. P. 12(f).

    **B.    The RICO Claim.**

        **1.    Failure to Plead with Particularity.**

20        TEG has filed (and its counsel has signed) a Complaint purporting to allege fraud by Platt.
21  Yet TEG admits that it does not know the facts necessary to support such a claim.  (Opp. at 1.)
22  This is the exact conduct against which Rule 9(b)'s minimum pleading requirements seek to
23  protect.  As explained in Platt's motion, TEG has failed to plead the predicate acts of mail and wire
24  fraud with particularity, and the RICO claim must be dismissed accordingly.  (Motion at 4.)
25        TEG's response is that although it does not know the facts concerning the alleged
26  misrepresentations, the pleading standard should be relaxed under *Wood* and *Moore* (Opp. at 3).
27  As stated above in Part II.A.2, however, there is no basis to change Rule 9(b)'s requirements in
28  this case.  If TEG truly had a basis for its claimed "information and belief," then it needed to have

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

745960.01/SF

-4-

Case No.  CV 08-3073-JSW
PLATT'S REPLY IN SUPPORT OF
MOTION TO DISMISS

alleged the factual basis for that information and belief. TEG proceeds to accuse Platt of fraud while admitting that "it is not known, at this point, what [Platt] precisely said to TEG's clients or customers." (Opp. at 1.) Since TEG cannot allege more facts to flesh out its fraud-based claims, those claims not only must be dismissed, they must be dismissed *without leave to amend*.

### 2. Failure to Plead Proximate Cause.

As noted in Platt's motion, TEG's claim fails because it did not plead facts showing that the alleged mail and wire fraud proximately caused the alleged injury to TEG. (Motion at 4-5.) TEG admits that proximate cause must involve a "direct relation" between the alleged conduct and injury. (Opp. at 4.) Notably, TEG does not dispute the fact that its proximate cause allegation is a single conclusory statement to that effect. (Compl. ¶ 31.) Instead, TEG's opposition is based on the notion that the alleged mailing of funds in this case was part of the alleged fraud, rather than an event that occurred afterward. (Opp. at 4 (citing *Kann v. U.S.*, 323 U.S. 88 (1944).) Yet the Complaint alleges that the mail and wire services were used to send the funds, which already had allegedly been misappropriated, out of state. (Compl. ¶ 22(a).) Causation thus is lacking. Accordingly, because lack of causation is a fatal defect (as TEG does not dispute), the motion to dismiss should be granted as to the RICO claim.

### C. The Conversion Claim.

As stated in the motion (Motion at 5-6), TEG's conversion claim must be dismissed because TEG fails to plead the amount of funds allegedly converted. *Vu v. Cal. Commerce Club, Inc.*, 58 Cal. App. 4th 229, 231, 235 (1997); *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 399 (2007); 3 *Cal. Forms of Pleading & Practice* (Matthew Bender 2007) §§ 150.11-150.12. Significantly, *Vu* and *PCO* each involved the granting of summary judgment motions, meaning that the plaintiff was *not* entitled to assert a generalized claim for money and then specify the amount at issue at trial. *Vu*, 58 Cal. App. 4th at 235; *PCO*, 150 Cal. App. 4th at 395-97. In response, TEG asserts that it has alleged that Platt converted "a substantial and specific sum." (Opp. at 5.) Yet the Complaint only refers to "funds and/or money" (Compl. ¶ 35) and claims that Platt misappropriated "an amount believed to be in excess of $100,000" (Compl. ¶ 22(a)). This fails to meet the minimum specificity that *Vu* and *PCO* require.

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

745960.01/SF

-5-

Case No. CV 08-3073-JSW
PLATT'S REPLY IN SUPPORT OF
MOTION TO DISMISS

Moreover, TEG does not dispute that its conversion claim is subject to dismissal insofar as it is based on fraud due to the failure to plead with particularity, or that the punitive damages portion should be stricken because it is based on a violation of the purported employment agreement (as to which TEG has failed to plead a breach). (Motion at 6; *cf.* Opp. at 5.) Thus, the Court should dismiss the conversion claim or, at a minimum, strike the punitive damages request.

### D. The Breach of Contract Claim.

The motion sets forth four reasons for dismissing the breach of contract claim. (Motion at 6-10.) TEG has failed to defeat any of Platt's arguments. (Opp. at 5-7, 10.)

#### 1. TEG Does Not Have Standing.

As stated in Platt's motion, TEG lacks standing to assert a breach of the terms of Exhibit C of the alleged agreement because Exhibit C states that the employer is Eplica, Inc., *not* TEG. Exhibit C states, "This Agreement sets forth in writing certain understandings and procedures in effect as of the date of my initial employment with *Eplica, Inc. ('Company')*." (Compl. ¶¶ 19-20 & Ex. A, Ex. C, at 1 (emphasis added).) TEG does not dispute that TEG and Eplica, Inc. are distinct corporations. Nor did TEG object to Platt's request for judicial notice of documents establishing that these are separate entities. TEG responds by claiming that the next paragraph of Exhibit C "expands Exhibit C to encompass Eplica's 'affiliates,' which TEG is." (Opp. at 5.) Yet the paragraph at issue only concerns the definition of "Proprietary Information" which for purposes of Exhibit C is defined to include "any information ... of Company and/or Company's affiliates (collectively Companies)...." This paragraph does not contradict the first paragraph (stating that the agreement sets forth certain understandings concerning Platt's employment with Eplica, Inc. Nor does it contradict Exhibit C's signature block, which states "Eplica, Inc." and not TEG. Thus, even assuming arguendo that Exhibit C pertains to TEG's *information*, that does not make TEG a *party* to Exhibit C. Accordingly, TEG has failed to meet its burden of establishing standing and its contract claim (as well as all claims based on a breach of Exhibit C) must be dismissed.

#### 2. Vagueness.

Furthermore, TEG's breach of contract allegations are too vague to inform Platt of the claims against her, and she cannot reasonably be required to frame a response. (Motion at 8-9.)

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

745960.01/SF

-6-

Case No. CV 08-3073-JSW
PLATT'S REPLY IN SUPPORT OF
MOTION TO DISMISS

1  TEG does not substantively dispute this defect. It only makes the conclusory assertion that the
2  Complaint is sufficiently clear. (Opp. at 6.) For the reasons set forth in the motion, the breach of
3  contract claim should be dismissed.

### 3. The Non-Solicitation Provisions of Exhibit C.

As stated in the motion, the alleged breach based on Exhibit C must be dismissed because Exhibit C's non-solicitation provisions are void under Section 16600 of the California Business and Professions Code. (Motion at 9-10). TEG responds by citing a 1994 district court decision for the proposition that an employer may impose limited contractual restrictions on a former employee's right to solicit its clients. (Opp. at 6 (citing *Robinson v. Jardine Ins. Brokers Int'l Ltd.*, 856 F. Supp. 554, 558 (N.D. Cal. 1994)).) Yet the California Supreme Court, in a decision issued prior TEG's opposition, made clear that covenants not to compete (including non-solicitation clauses) are invalid under Section 16600 and that there is no exception for reasonable restrictions. *Edwards v. Arthur Andersen LLP*, No. S147190, 2008 WL 3083156, at *7 (Cal. Aug. 7, 2008). The California high court rejected the contrary federal line of authority (on which TEG relies):

> Contrary to Andersen's belief, ...California courts have not embraced the Ninth Circuit's narrow-restraint exception. Indeed, no reported California state court decision has endorsed the Ninth Circuit's reasoning, and we are of the view that California courts "have been clear in their expression that section 16600 represents a strong public policy of the state which should not be diluted by judicial fiat." (*Scott v. Snelling and Snelling, Inc.* (N.D.Cal.1990) 732 F.Supp. 1034, 1042.) Section 16600 is unambiguous, and if the Legislature intended the statute to apply only to restraints that were unreasonable or overbroad, it could have included language to that effect. We reject Andersen's contention that we should adopt a narrow-restraint exception to section 16600 and leave it to the Legislature, if it chooses, either to relax the statutory restrictions or adopt additional exceptions to the prohibition-against-restraint rule under section 16600.

*Id.* Moreover, the non-compete agreement in *Edwards* included an impermissible non-solicitation component similar to the one in the present case. *Compare id.* at *6 (noting that agreement included one-year prohibition against "soliciting" which was defined as "providing professional services to any client of Andersen's Los Angeles office") *with* Compl. Ex. C. ¶ 12.1 (purporting to prohibit solicitation of customers for one year). TEG's argument that Exhibit C should be enforceable as a reasonable limitation on Platt's ability to work thus fails.

LAW OFFICES
Allen Matkins Leck Gamble Mallory & Natsis LLP

745960.01/SF

-7-

Case No. CV 08-3073-JSW
PLATT'S REPLY IN SUPPORT OF
MOTION TO DISMISS

TEG also argues that there is a trade secrets exception to Section 16600. (Opp. at 6-7.) Yet even assuming that TEG has correctly stated the law, TEG fails to address the legal defects identified in Platt's motion concerning the fact that Exhibit C's purported non-solicitation provisions are broad and not limited to protecting trade secrets, and therefore are void. (Motion at 9-10.) Moreover, TEG has failed to properly allege trade secrets in any event. (Motion at 14-15.) As set forth in the motion, each of these defects mandates dismissal.

### 4. Punitive Damages.

Platt's motion explains why TEG's claim for punitive damages on its breach of contract cause of action must be stricken: punitive damages are not recoverable for breach of contract. (Motion at 10 (citing *Quigley v. Pet, Inc.*, 162 Cal. App. 3d 877, 887 (1984); Cal. Civ. Code §§ 3294(a), 3300.) In response, TEG persists in its position that punitive damages are recoverable for breach of contract and cites *Miller v. National American Life Insurance Company of California*, 54 Cal. App. 3d 331 (1976). (Opp. at 10.) TEG is flat wrong in its representation that *Miller* supports its position; to the contrary, *Miller* supports granting Platt's motion.

*Miller* involved two claims: one for breach of contract, and one for fraud. *Miller*, 54 Cal. App. 3d at 336. The court expressly stated that the tort claim for fraud, *but not the breach of contract claim*, could support the punitive damages award in that case:

> Respondent's claim of fraud, though incident to the contract, is in tort, and will support a punitive damage award upon proper proof.... The court below correctly instructed that, *in order to award punitive damages, the jury would have to first find for respondent on the fraud cause of action; a finding for respondent on the breach of contract cause alone would only support compensatory damages*.

*Id.* at 336-37 (emphasis added, citations omitted). The court went on to state that "the only tort pleaded and instructed upon was fraud and *unless that tort was established no exemplary damages were permitted* regardless of any showing of oppression." *Id.* at 337 n.3 (emphasis added). *Miller* thus contradicts TEG's position. TEG provides no authority to contradict Platt's motion, and the punitive damages request should be stricken accordingly.

### E. The Fraud Claim.

In response to Platt's challenge to the fraud claim (Motion at 10), TEG restates its reliance on *Wood* and its request that Rule 9(b) should be changed (Opp. at 7). For the reasons stated

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

745960.01/SF

-8-

Case No. CV 08-3073-JSW
PLATT'S REPLY IN SUPPORT OF
MOTION TO DISMISS

1 above in Parts II.A.2 and II.B.1, however, there is no basis to relax Rule 9(b) in this case and
2 TEG's fraud claim should be dismissed accordingly. Moreover, in light of TEG's admission that it
3 does not have a factual basis to support its claimed information and belief (Opp. at 1), this claim
4 should be dismissed *without leave to amend*.

### F.    The Claims for Tortious Interference.

As stated in the motion, TEG's two claims for intentional and negligent interference with prospective economic relations fail because they do not plead the element of independent wrongfulness, and all four interference claims fail insofar as they are based on a breach of Exhibit C and fail otherwise because they are too vague. (Motion at 10-13.)

TEG responds to the arguments concerning independent wrongfulness and vagueness by arguing that its Complaint "alleges Platt stole funds from TEG and stole protected client lists from TEG." (Opp. at 8.) Yet TEG's misappropriation theory is predicated on fraud, which has not been adequately alleged. (Motion at 10.) Moreover, its trade secrets claim likewise has not been adequately alleged. (Motion at 15-15.) There is thus no independent wrongfulness and the claims for interference with economic advantage fail accordingly. In addition, the vagueness defect affects all four interference claims, and a more definite statement is therefore appropriate.

Finally, TEG does not offer any additional argument regarding Exhibit C beyond what it argues in connection with the breach of contract claim. (Opp. at 9.) Platt similarly refers the Court to her Exhibit C arguments. (*See* Motion at 6-10; *see also supra* Part II.D.)

### G.    The Unfair Business Practices Claim.

As TEG concedes, its claim under Section 17200 of the California Business and Professions Code "must be based on some predicate act involving a violation of some other statute." (Opp. at 9 (internal quotation marks and citations omitted).) As with the independent wrongfulness element of its claims for interference with economic relations, TEG rests its Section 17200 claim on its argument that it has alleged misappropriation of funds and trade secrets. (Opp. at 9.) Yet as stated above in Part II.F concerning the interference claims, TEG has failed to properly allege the fraud on which the purported misappropriation of funds is based, or the misappropriation of trade secrets. The claim for unfair business practices fails accordingly.

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

745960.01/SF

-9-

Case No. CV 08-3073-JSW
PLATT'S REPLY IN SUPPORT OF
MOTION TO DISMISS

**H.     The Trade Secrets Claim.**

As stated in Platt's motion, the trade secrets claim fails because TEG has not alleged facts showing any "trade secret." (Motion at 14-15.) In response, TEG argues that it has alleged that Platt "took confidential and proprietary information from TEG." (Opp. at 10.) But Platt's argument is premised on the fact that TEG does not meet the second element of the definition of a trade secret, which requires that the information derive economic value *because* it is not generally known. Cal. Civ. Code § 3426.1(d)(1); *Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443, 1454 (2002) ("The test for trade secrets is whether the matter sought to be protected is information (1) which is valuable *because it is unknown to others* and (2) which the owner has attempted to keep secret." (emphasis added)). Indeed, TEG concedes that in order for information to be a trade secret, it must be "'valuable *because it is unknown to others*.'" (Opp. at 10 (emphasis added) (quoting *Whyte*, at 101 Cal. App. 4th at 1454).) TEG attempts to allege that the information is confidential, but fails to allege that it derives economic value as a result. The claim thus fails.

**I.     The Request for an Accounting.**

TEG asserts that its request for an accounting is not moot because its other claims are viable. (Opp. at 10.) Implicit in TEG's argument is the fact that the request for an accounting depends on the validity of the other claims, and should be dismissed if the other claims are dismissed. Since the other claims fail, the request for an accounting must be dismissed as well.

**III.     Conclusion**

Platt respectfully requests that the Court dismiss each of the claims asserted against her. Platt also requests that the dismissal be with prejudice and without leave to amend given TEG's failure to suggest any ability to cure the defects in the Complaint. Alternatively, Platt respectfully requests that the Court strike the inappropriate allegations and order a more definite statement.

Dated: August 29, 2008

ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
BALDWIN J. LEE
MARK J. SEIFERT

By:    /s/
MARK J. SEIFERT
Attorneys for Defendant
Alexander Platt

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

745960.01/SF

-10-

Case No. CV 08-3073-JSW
PLATT'S REPLY IN SUPPORT OF
MOTION TO DISMISS