IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TEG STAFFING, INC.,

    Plaintiff,

v.

D. ALEXANDER PLATT; SANDY COSTICK; JOHN COSTICK; and DOES 1-25,

    Defendants.

No. C 08-03073 JSW

**ORDER GRANTING PLATT'S AND COSTICKS' MOTIONS TO DISMISS**

Now before the Court is the motion to dismiss filed by defendant D. Alexander Platt ("Platt") on each cause of action or, in the alternative, for a more definite statement as well as the motion to dismiss filed by Platt's parents, Sandy and John Costick ("the Costicks"). The Court finds the motions appropriate for decision without oral argument. N.D. Civ. L.R. 7-1(b). Accordingly, the hearing date is hereby VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby GRANTS Platt's motion to dismiss and GRANTS Costicks' motion to dismiss.

## BACKGROUND

Plaintiff, TEG Staffing, Inc ("TEG") is a personnel staffing company which staffs legal professionals within California. (Compl. ¶ 14.) TEG contracts with various law firms or other organizations (TEG's clients) to place attorneys in temporary or full time direct hire positions. (*Id.* at ¶ 15.) TEG then pays its staff employees or agents, which included attorney Platt, a salary and commission based upon their sale of staffing services. (*Id.* at ¶ 16.) TEG terminated

1  Platt's employment after they found that, while employed with them, she required TEG's clients
2  to make payments directly to her which were, by contract, due to TEG.  TEG alleges that Platt
3  then sent the allegedly misappropriated funds to a mailing address in New Mexico, where her
4  parents, the Costicks, live.  (*Id.* at ¶¶ 24-25.)

Based on these allegations, TEG Staffing asserts the following claims: (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) misappropriation/ conversion; (3) breach of contract; (4) fraud, misrepresentation and/or concealment; (5) intentional interference with contractual relations; (6) negligent interference with contractual relations; (7) intentional interference with prospective economic relations; (8) negligent interference with prospective economic relations; (9) unfair business practices under the Business and Professions Code §17200; (10) misappropriation of trade secrets; and (11) accounting.

Platt now moves to dismiss all of TEG's claims on the basis that: (1) the RICO claim fails because the predicate acts of mail and wire fraud were not pled with sufficient particularity and because it fails to plead facts showing proximate cause; (2) the conversion claim fails because TEG failed to allege the amount of funds converted; (3) the breach of contract claim fails because TEG does not have standing, it is impermissibly vague, the non-solicitation clause is void as against public policy, and the request for punitive damages should be stricken; (4) the fraud claim fails because it lacks the requisite specificity; (5) the claims for tortious interference fail because the contract claim fails, it is impermissibly vague, and there is no allegation of independent wrongfulness; (6) the unfair business practices claim fails because TEG fails to allege any unlawful or unfair act or any fraudulent act with the requisite particularity; (7) the misappropriation of trade secrets claim fails because TEG failed to allege any trade secret; and (8) the request for accounting fails as there is no basis for substantive liability.

The Costicks now move to dismiss the complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) or for improper venue as these defendants reside in New Mexico.

2

## ANALYSIS

**A.     Legal Standards Applicable to Motions to Dismiss.**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

**B.     Platt's Motion to Dismiss.**

Platt moves to dismiss on a number of bases. However, the Court, concerned with the scope of its jurisdiction, first finds that the claim under RICO is invalid.

The essential elements of a civil RICO violation under 18 U.S.C. § 1962(c) are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985); *see also Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th Cir. 2004). "'Racketeering activity' is defined in 18 U.S.C. § 1961(1)(B) as including any act 'indictable' under certain enumerated federal criminal statutes, including 18 U.S.C. §1341, which makes mail fraud a criminal offense." *Yokohama Tire*, 358 F.3d at 620 (citing *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1399 (9th Cir. 1986)). To allege a violation of mail fraud under § 1341, "it is necessary to show that (1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United States mails or caused a use of the United States mails in furtherance of the scheme; and (3) the defendants did so with the specific intent to deceive or defraud." *Id.* (citing *Schreiber*, 806 F.2d at 1400). To be considered part of the fraud, the use of the mails need not be an essential element of the scheme. *Schmuck v. United States*, 489 U.S. 705, 710 (1989). "It is sufficient for the mailing to be 'incident to an essential part of the scheme' or 'a step in [the] plot.'" *Id.* (citing *Badders v. United States*, 240 U.S. 391, 394 (1916)).

3

Although TEG need not plead "racketeering injury," they must demonstrate that their business or property was injured *by reason of* the alleged RICO violation. In other words, TEG must allege that its injury was proximately caused by a RICO violation. *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1086 (9th Cir. 2002). In order to establish proximate cause, TEG must demonstrate that there exists a "direct relation between the injury asserted and the injurious conduct alleged." *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 266 (1992).

In this case, TEG allege that Platt committed mail fraud by mailing her ill-gotten earnings to her parents' home in New Mexico for deposit. (Compl. ¶ 25.)

However, the "federal mail fraud statute does not purport to reach all frauds, but only those limited instances in which the use of the mails is a part of the execution of the fraud, leaving all other cases to be dealt with by appropriate state law." *Kann v. United States*, 323 U.S. 88, 95 (1944). In this matter, the alleged mailings constituting the execution of the fraud occurred after Platt had gained possession what TEG alleges was their income to keep. According to well-settled Supreme Court precedent, if the mailings occur after the consummation of the fraudulent scheme's objective, such mailings will not support a mail fraud charge. *See, e.g., id.* at 94 (finding that after-the-fact mailings were not material to execution of the fraud because the "scheme ... had reached fruition. The persons intended to receive the money had received it irrevocably."); *Parr v. United States*, 363 U.S. 370, 393 (1960) ("Here, as in *Kann*, '[t]he scheme in each case had reached fruition' when [those charged] received the goods and services complained of."); *United States v. Maze*, 414 U.S. 395, 401 (1974) (noting that "Respondent's scheme had reached fruition when he checked out of the motel").

There are two recognized exceptions to the general rule restricting liability for post-consummation instances of mail fraud. The first, recognized in *United States v. Sampson*, holds that where mailings are designed to "lull the victim" by falsely promising performance, they may be incident to the scheme even if they occur after the defendant has already taken the victim's property. 371 U.S. 75, 78 (1960) (district court erred in dismissing RICO claim in which mailings were allegedly made "for the purpose of lulling said victims by representing that their applications had been accepted and that the defendants would therefore perform for

4

said victims the valuable services which the defendants had falsely and fraudulently represented that they would perform.") In this matter, there is no allegation that the alleged mailing of her earnings had the effect of lulling the alleged victims of her fraud.

The second recognized exception to after-the-fact mailings, is recognized in *Schmuck v. United States*, 489 U.S. at 712. In that case, the Court found that after-the-fact mailings of the title to retail purchasers of used cars with tampered odometers was an essential step in the fraudulent scheme because the success of the venture depended upon the auto retail dealers' continued faith in the operation and their ability to resell cars. The Court found "although the registration-form mailings may not have contributed directly to the duping of either retail dealers or the customers, they were necessary to the passage of title, which in turn was essential to the perpetuation of Schmuck's scheme." *Id.* at 712.

In this matter, the alleged scheme reached fruition by Platt's alleged acquisition of unlawful income from TEG's clients. The money sent by mail did not have the effect of lulling TEG and the mailing did not contribute to the alleged duping scheme and were not essential to it. Therefore, the Court finds that the RICO claim is without merit and GRANTS Platt's motion to dismiss the federal claim. Upon dismissal of the federal claim, the Court declines to exercise jurisdiction over Plaintiff's state law claims (claims two through eleven) and does not reach the merits of the arguments seeking to dismiss the state law claims. *See* 28 U.S.C. § 1367(c)(3).[1]

Accordingly, the Court GRANTS Platt's motion to dismiss in its entirety.

---

[1] Although the complaint alleges jurisdiction based upon diversity of citizenship, the complaint also specifically sets out that TEG is a California corporation and Platt "is and at all times mentioned herein was an individual residing in the County of San Francisco, State of California." (Compl. ¶¶ 9, 2, 11.) Plaintiff alleges that the claims for relief against the Costicks are proper in federal court because of diversity. However, there must be complete diversity of parties and, while Plaintiff has the burden to demonstrate a sufficient basis for diversity jurisdiction, it has failed to carry its burden. *See Kantor v. Warner-Lambert*, 265 F.3d 853, 857 (9th Cir. 2001). The Court finds that, on the face of the complaint, Plaintiff has not alleged diversity of citizenship and therefore, the Court cannot find diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1).

**C.     The Costicks' Motion to Dismiss.**

The Costicks move to dismiss the complaint as against them for lack of personal jurisdiction over them as residents of New Mexico. The only allegation involving the Costicks is their receipt of defendant Platt's income.

Citing 18 U.S.C. § 1965, TEG sole contention is that personal jurisdiction and venue is proper by virtue of its claim for a single nationwide conspiracy under RICO. Because the Court has dismissed the claim pursuant to RICO, there is no basis for extending jurisdiction over the Costicks. Similarly, the Court declines to exercise jurisdiction over the state law claims pending against the Costicks.

Accordingly, the Court GRANTS the Costicks' motion to dismiss in its entirety.

## CONCLUSION

For the reasons stated above, the Court GRANTS Platt's motion to dismiss and GRANTS the Costicks' motion to dismiss. A separate judgment shall issue and the Clerk is instructed to close the file.

**IT IS SO ORDERED.**

Dated: October 14, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE